76 F.3d 387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dora LACAYO-CASTILLO, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 94-70578.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1996.*
Decided Jan. 24, 1996.
 
 Before: LAY**, CHOY, and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Dora Lacayo Castillo petitions for review of the Board of Immigration Appeals' decision affirming the immigration judge's denial of her request for political asylum and withholding of deportation and denying her request for a remand to the immigration judge to reopen her case to enable her to apply for suspension of deportation. We reverse and remand this case to the BIA directing the BIA to exercise its discretion consistent with the views expressed below.
 
 Political Asylum
 
 3
 The IJ found and the BIA agreed that petitioner presented no "objective" evidence that she was singled out for persecution on account of her political opinion. Although factual findings by the BIA are reviewed under the deferential "substantial evidence" standard, where the facts are not at issue, we review de novo. Singh v. Ilchert ("Singh "), 63 F.3d 1501, 1506 (9th Cir.1995). Here, neither the BIA nor the IJ questioned petitioner's credibility. In these circumstances, we accept as undisputed the facts as testified by petitioner at the IJ hearing. See Singh v. Ilchert ("Ilchert "), 69 F.3d 375, 378 (9th Cir.1995).
 
 
 4
 To be eligible for asylum, an applicant must show either past persecution or a "well-founded" fear of future persecution on account of an applicant's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). If past persecution is shown, "then fear of future persecution is presumed, and the burden shifts to the INS to show, by a preponderance of the evidence, that 'since the time the persecution occurred conditions in the applicant's country ... have changed to such an extent that the applicant no longer has a well-founded fear of being persecuted if ... [the applicant] were to return.' " Ilchert, 69 F.3d at 378 (quoting 8 C.F.R. § 208.13(b)(1)(i)).
 
 
 5
 An applicant also may qualify for asylum by establishing a "well-founded" fear of future persecution. This test includes both subjective and objective requirements. Ilchert, 69 F.3d at 378 (Shirazi-Parsa v. INS, 14 F.3d 1424, 1427 (9th Cir.1994)). The subjective requirement may be established by an applicant's credible testimony that he fears persecution. Id. The objective requirement may be satisfied by showing through " 'credible, direct and specific evidence in the record,' ... that persecution is a reasonable possibility.' " Singh, 63 F.3d at 1506 (citations omitted). The applicant can satisfy the objective requirement by producing specific documentary evidence or by testifying credibly and persuasively. Id.
 
 
 6
 The IJ in this case conceded that if in fact petitioner had refused "to participate in the government's sponsored programs this may have resulted in harassment at the hands of the turbas which normally manifested itself in terms of slogans painted on one's house." E.R. at 108. The IJ also noted that "[f]ailure to belong to certain Sandinista organizations can under certain circumstances or could at one time have resulted in denial of the requisite permits to operate a business or to obtain the material with which to operate a business." Id. at 109. The IJ, however, concluded that, because petitioner was able to continue her business by purchasing materials through the black market, the petitioner was unable to establish a "well-founded" fear of persecution.
 
 
 7
 The IJ's conclusion is not supported by the record. The fact that petitioner was able to make a living by relying on the black market is irrelevant to her political asylum claim. Petitioner credibly testified that the Sandinista government punished her, by taking away her business permit and food rations card, because Petitioner refused to engage in government-sponsored activities. Also, Petitioner testified that she was harassed by the turbas, who painted revolutionary slogans on her house.
 
 
 8
 Petitioner further claims that she fears persecution because of her son's political activities, which she believes the government will impute to her. Petitioner's son was imprisoned and tortured by the Sandinistas for his participation in the Liberation Party which opposed the Sandinista government. Before Petitioner fled, government officials visited her house three times looking for her son, who, by that point, had fled. Petitioner's son testified at the IJ hearing and provided documentary evidence from his doctors in Nicaragua confirming his torture by the Sandinistas.
 
 
 9
 Taking the evidence as a whole, we conclude that petitioner has a "well founded" fear of future persecution and that such fear is on account of her actual and imputed political opinion.
 
 Motion to Reopen
 
 10
 The BIA's denial of a motion to remand or reopen is reviewed for an abuse of discretion. INS v. Rios-Pineda, 471 U.S. 444, 449 (1985). " 'An abuse of discretion will be found when the denial was arbitrary, irrational or contrary to law.' " Watkins v. INS, 63 F.3d 844, 847 (9th Cir.1995) (quoting Jen Hung Ng. v. INS, 804 F.2d 534, 538 (9th Cir.1986)). Here, the BIA denied petitioner's motion to reopen, holding that petitioner had failed to establish a prima facie case for suspension of deportation.
 
 
 11
 To determine whether Petitioner has established a prima facie case, the BIA must examine the Petitioner's evidence in its entirety. Limsico v. INS, 951 F.2d 210 (9th Cir.1991). Where, as here, no hearing is held on the motion to reopen, the BIA must accept as true the facts stated in petitioner's affidavits "unless they are inherently unbelievable." Id. (citations omitted). The BIA abuses its discretion: (1) if it does "not consider all relevant factors before ruling"; (2) if it does "not consider the cumulative effect of the factors it did consider"; and (3) if it does "not provide a reasoned explanation for its conclusions." Watkins, 63 F.3d at 848. We find that the BIA abused its discretion in all three ways.
 
 
 12
 In denying petitioner's motion to reopen, the BIA simply stated:
 
 
 13
 The respondent contends that as a 58 year old woman whose family ties are to persons in the United States, given the adverse political and economic conditions in her native country, her deportation would cause her extreme hardship. She also contends that her deportation would result in hardship to her 2 sons who are lawfully in the United States and to their small United States citizen children, and her other children who are also in this country.
 
 
 14
 Having taken into consideration the respondent's age, which we do not consider to be advanced; the absence of a showing as to how, if at all, her lawful permanent resident son would suffer extreme hardship if the respondent were to be deported; and the adverse political and economic conditions in Nicaragua, which may very well cause the respondent's standard of living to be lowered, we, nonetheless, do not find that the respondent has established particular facts requisite to the granting of a motion to reopen for the purpose of applying for suspension of deportation.
 
 
 15
 In arriving at this conclusion, the BIA failed to provide an adequate explanation as to why petitioner's age was not advanced, why her son's declaration was inadequate, and why the adverse political and economic conditions in Nicaragua are irrelevant.
 
 
 16
 The BIA also ignored the following relevant factors: that petitioner is widowed, that no one can support her in Nicaragua, the she lives with her legal permanent son and takes care of her two grandchildren, that she has only a sixth grade education, and that, although Petitioner made a living as a seamstress when she lived in Nicaragua, the government revoked her business permit and her food ration card before she fled Nicaragua.
 
 
 17
 Lastly, the BIA did not consider the cumulative effect of all the factors it did consider. As we recently stated, "[t]he BIA 'must consider all relevant factors cumulatively in deciding whether extreme hardship has been established.' " Watkins, 63 F.3d at 850. Here, the BIA considered in isolation petitioner's age, the showing of her son's and grandaughter's hardship, and the adverse political and economic conditions in Nicaragua.
 
 
 18
 There is no question that the cumulative effect of all the factors in petitioner's case constitutes extreme hardship. See Tukhowinich v. INS, 64 F.3d 460, 463-464 (9th Cir.1995); Santana-Figueroa v. INS, 644 F.2d 1354, 1355 (9th Cir.1981). Because of her advanced age, limited education, her separation from her family, the government's past conduct, and because of Nicaragua's current political and economic conditions, Petitioner will not be able to support herself in Nicaragua and will suffer personal and psychological hardship if she is deported. Petitioner, therefore, has established a prima facie case for suspension of deportation.
 
 
 19
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3