78 F.3d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Catalino A. ESTRADA-VELASQUEZ; Felicita de la Trinidad
Zamora de Estrada, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70652.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1996.*
Decided March 1, 1996.
 
 1
 Before: BOOCHEVER, HALL and FERNANDEZ, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Nicaraguan citizens, Catalino Antonio Estrada-Velasquez, and his wife, Felicita de la Trinidad Zamora de Estrada, petition for review of the Board of Immigration Appeals' (BIA) August 18, 1994 decision affirming the Immigration Judge's (IJ) denial of their application for asylum and withholding of deportation.[1] Estrada claims that he will be persecuted by former Sandanista forces for his refusal to serve as a member of those forces. The petition for review is denied.
 
 DISCUSSION
 A. Asylum
 
 4
 The Immigration and Nationality Act (INA) gives the Attorney General discretion to grant asylum to an alien who is a refugee. 8 U.S.C. § 1158(a). In order to qualify as a refugee under the INA, an applicant for asylum must demonstrate either (1) past persecution, or (2) "a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); Singh v. Ilchert, 69 F.3d 375, 378 (9th Cir.1995) (per curiam). The burden is on the applicant to demonstrate that he satisfies the "refugee" requirements. Ghaly v. I.N.S., 58 F.3d 1425, 1428 (9th Cir.1995).
 
 
 5
 Estrada failed to meet the requirements for refugee status because the action of the Sandanistas, both the past action and any feared future action, does not amount to persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. Estrada refused to serve in the Sandanista forces. He had served before but he now says that his reluctance was based on a religious belief that he could not kill another person. However, conscription by itself is not persecution on account of religious beliefs. See I.N.S. v. Elias-Zacarias, 502 U.S. 478, 483-84, 112 S.Ct. 812, 816-17, 117 L.Ed.2d 38 (1992); Canas-Segovia v. I.N.S., 970 F.2d 599, 601 (9th Cir.1992). Moreover, his main complaint appears to have been that because he had served before and was in the reserves, he should not have been called up again in the absence of a war. That does not bespeak persecution. Any recrimination he might face in Nicaragua would be a result of his refusal to serve and there is no hint of any racial, religious or political animus. In fact, his testimony suggests that his selection was made in part because of his reserve status in the Sandanista forces.
 
 
 6
 Therefore, Estrada has failed to demonstrate either past persecution or a well-founded fear of future persecution. See Elias-Zacarias, 502 U.S. at 483-84, 112 S.Ct. at 817. There was substantial evidence from which the BIA could determine that Estrada did not meet the criteria for refugee status and could deny his application for asylum. See id.; Ghaly, 58 F.3d at 1431.
 
 B. Withholding of Deportation
 
 7
 "Under 8 U.S.C. § 1253(h)(1), an alien's deportation must be withheld if the alien shows a 'clear probability of persecution' in the alien's home country." Singh, 69 F.3d at 380 (citing De Valle v. I.N.S., 901 F.2d 787, 790 (9th Cir.1990)). The standard for determining a clear probability of persecution is a more stringent standard than the standard for determining a well-founded fear of persecution for asylum. Id. at 380-81 (citing I.N.S. v. Cardoza-Fonseca, 480 U.S. 421, 427-32, 107 S.Ct. 1207, 1211-14, 94 L.Ed.2d 434 (1987)). Because Estrada failed to meet the latter standard, it follows that he failed to meet the former one. See Prasad v. I.N.S., 47 F.3d 336, 340 (9th Cir.1995); Arriaga-Barientos v. I.N.S., 937 F.2d 411, 415 (9th Cir.1991).
 
 
 8
 The Estradas' petition for review of the BIA decision is DENIED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Felicita Estrada's claim is derivative of Catalino Estrada's application for asylum and withholding of deportation. See 8 C.F.R. § 208.2. Unless otherwise noted, references will only be made to Catalino Estrada (Estrada). The Estradas' daughter, Jacqueline Patricia Estrada-Zamora, a Guatemalan national, was included in the application for asylum and for withholding of deportation. However, on November 18, 1991, the BIA stayed proceedings in her application (I.N.S. No. Aha-isf-ciy). Thus, she is not included as a petitioner before this court