87 F.3d 1321
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Julio Cesar SALMERON-CHAVEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70056.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1996.*
Decided June 17, 1996.
 
 Before: GOODWIN, PREGERSON, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Julio Cesar Salmeron-Chavez, a Nicaraguan national, appeals the decision of the Board of Immigration Appeals ("BIA") affirming the denial of his application for asylum, withholding of deportation, and suspension of deportation.[1] Salmeron argues, inter alia, that the evidence compels the conclusion that the Sandinistas persecuted him on account of imputed political opinion. We review the decision of the BIA for substantial evidence. See I.N.S. v. Elias-Zacarias, 502 U.S. 478 (1992).
 
 
 3
 An alien seeking asylum based on past persecution must show that he was harmed on account of his race, religion, nationality, membership in a particular social group, or political opinion. See, e.g., Desir v. Ilchert, 840 F.2d 723, 727 (9th Cir.1988); 8 U.S.C. § 1101(a)(42)(A). We have previously stated that "persecution based on a political opinion falsely attributed to the victim could provide the basis for relief." Canas-Segovia v. I.N.S., 970 F.2d 599, 601 (9th Cir.1992) (also noting that Elias-Zacarias did not overrule the imputed political opinion theory); see also Singh v. Ilchert, 69 F.3d 375 (9th Cir.1995) (alien who was detained and tortured by police because they mistakenly believed him to be a supporter of a separatist group was persecuted within the meaning of the Immigration and Nationality Act); Blanco-Lopez v. I.N.S., 858 F.2d 531 (9th Cir.1988) (alien who was detained and threatened by police because they mistakenly believed him to be a guerilla was persecuted).
 
 
 4
 In order to receive withholding of deportation, an alien must establish that there is a clear probability of persecution on account of one of the enumerated grounds if he or she were to be returned to the country in question. I.N.S. v. Stevic, 467 U.S. 407, 424 (1984).
 
 
 5
 Once an applicant has established past persecution, then the "fear of future persecution is presumed, and the burden shifts to the INS to show, by a preponderance of the evidence, that 'since the time the persecution occurred, conditions in the applicant's country ... have changed to such an extent that the applicant no longer has a well-founded fear of being persecuted if [the applicant] were to return.' " Singh, 69 F.3d at 378 (quoting 8 C.F.R. § 208.13(b)(1)(i)). Similarly, for withholding of deportation, once an applicant has established past persecution he is entitled to a presumption that a clear probability of persecution exists were he to return to his country. See 8 C.F.R. § 208.16(b)(2); see also Singh, 69 F.3d at 381. If the INS cannot meet its burden of proof, then the applicant is eligible for asylum and/or entitled to withholding of deportation.
 
 
 6
 Salmeron testified that the Sandinistas arrested, detained and physically abused him on two separate occasions, each detention being nearly a month long, for being a supporter of the defeated Somoza regime. The Sandinistas viewed Salmeron's business dealings with high ranking Somoza officials, through his electronics repair shop, as an indication of his loyalty to the Somoza regime. During his second detention, and attendant beatings, the Sandinistas accused Salmeron of helping to turn over Tomas Borge-Martinez, a Sandinista activist, to the Somoza regime in 1979. (A.R. at 34-36). Although Salmeron disclaimed any involvement in Borge's arrest, the Sandinistas obviously believed he was responsible and considered this incident to be representative of his "Somocista" tendencies and political opinion.
 
 
 7
 The Immigration Judge concluded that Salmeron had not "done anything which would lead any parties to believe that he, in fact, was politically involved." (A.R. at 51). This statement cannot be reconciled with the fact that Salmeron was originally arrested and beaten precisely because the Sandinistas thought that he was politically involved with the Somoza regime. Therefore, we conclude that Salmeron was persecuted on account of imputed political opinion.
 
 
 8
 Here, because the BIA did not find that Salmeron had suffered past persecution, it failed to place the burden of proof on the INS to show that conditions in Nicaragua have changed to such an extent that Salmeron no longer has a "well-founded" fear of persecution were he to return. In addition, the BIA failed to place the burden of proof on the INS to show that Salmeron did not face a clear probability of persecution were he to return to Nicaragua.
 
 
 9
 We reverse the decision of the BIA and remand for further proceedings to determine if the INS can prove, by a preponderance of the evidence, that Salmeron does not have a well-founded fear of future persecution and that there is not a clear probability of future persecution if he were to return to Nicaragua. Salmeron's eligibility for asylum and/or entitlement to withholding of deportation depends on whether the INS can overcome the presumptions in Salmeron's favor.
 
 
 10
 REVERSED and REMANDED.
 
 
 11
 Petitioner is entitled to his costs on appeal.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The BIA adopted the opinion of the Immigration Judge