91 F.3d 153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Julio Inocencio MONTES-GAITAN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70763.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1996.*
Decided July 15, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Montes-Gaitan petitions for review of the Board of Immigration Appeals' (Board) decision denying his application for asylum and withholding of deportation. We have jurisdiction over this timely petition pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 Montes-Gaitan challenges the Board's determination that he did not suffer past persecution and its determination that he does not have a well-founded fear of persecution on account of one of the statutorily defined grounds. See 8 U.S.C. § 1101(a)(42)(A) (defining the grounds of persecution for asylum relief). We review the Board's factual determinations, including its determination of a "well-founded fear of persecution," for substantial evidence. Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995), citing INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). This standard allows reversal of the Board only when a reasonable factfinder would be compelled to conclude that the requisite fear of persecution exists. Ghaly, 58 F.3d at 1429. Withholding of deportation under section 243(h) of the Immigration and Nationality Act (Act), 8 U.S.C. § 1253(h), requires a showing of a "clear probability of persecution," a more stringent standard than the well-founded fear standard. Ghaly, 58 F.2d at 1429, citing Arriaga-Barrientos v. INS, 925 F.2d 1177, 1178 (9th Cir.1991). Therefore, a failure to demonstrate asylum eligibility necessarily precludes withholding of deportation. Id.
 
 
 4
 We define persecution as "the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offensive." Prasad v. INS, 47 F.3d 336, 339 (9th Cir.1995), quoting Desir v. Ilchert, 840 F.2d 723, 726-27 (9th Cir.1988). A "well-founded fear" requires an objective and subjective showing. Kotasz v. INS, 31 F.3d 847, 851 (9th Cir.1994). The subjective prong only requires that the alien's fear be genuine, while the objective prong requires credible, direct, and specific evidence in the record of facts to support a reasonable fear of persecution. Id. A showing of past persecution can give rise to a presumption of a well-founded fear of persecution. 8 C.F.R. § 208.13(b)(1)(i). If an alien demonstrates past persecution, the government bears the burden of showing by a preponderance of the evidence that there are no grounds for fearing future persecution. Singh v. Ilchert, 69 F.3d 375, 378 (9th Cir.1985).
 
 
 5
 In this case, the IJ accepted Montes-Gaitan's claim that his fear was genuine, but not without some reservation, finding numerous inconsistencies in his testimony and finding his explanation of these inconsistencies less than convincing. Nonetheless, the Board assumed the subjective prong was met and rested its decision on the objective prong of the test, finding that there was no well-founded fear of future persecution. The Board observed that Montes-Gaitan failed to adduce any evidence "in which the Sandinistas, following their removal from power, have imprisoned or otherwise harmed ... any individual upon his return to Nicaragua merely on account of his general opposition to the Sandinistas."
 
 
 6
 Montes-Gaitan counters this conclusion with references to the State Department's 1987 and 1994 Country Reports on Human Rights Practices. The 1994 report states that former Sandinistas still occupy key government positions and continue to persecute political opponents. He claims that the Board did not consider this factor. Further, he claims that the Board failed to consider persecution of his family members. See Kazlauskas v. INS, 46 F.3d 902, 907 (9th Cir.1995) (failure to consider relevant factor is abuse of discretion).
 
 
 7
 Montes-Gaitan's argument fails on several grounds. First, he bases his claim for well-founded fear on descriptions of general current conditions in Nicaragua. Evidence supporting a well-founded fear, however, must be specific and direct. Kotasz, 31 F.3d at 851. Second, Montes-Gaitan relies on the State Department's 1994 County Reports, which he cannot do because he failed to submit it to the Board. Florez-de Solis v. INS, 796 F.2d 330, 335 (9th Cir.1986).
 
 
 8
 Third, even considering the evidence, it only shows that, indeed, there are some Sandinistas in government who do use their position to persecute and even murder former political opponents. But, the report states, as the government argues, that the "majority of [homicides] were demobilized resistance members or their families." What Montes-Gaitan fails to show with this evidence is any persecution against individuals who merely failed to support the Sandinistas or aligned themselves with other political groups. Moreover, even though he was specifically asked by the immigration judge for evidence concerning continued Sandinista oppression under the Chamorro government, he failed to produce any specific evidence, beyond stating that he would still be in danger.
 
 
 9
 The Board's failure to find persecution of Montes-Gaitan's family as convincing evidence is not determinative. "[A]ttacks on family members do not necessarily establish a well-founded fear of persecution absent a pattern of persecution tied to petitioners." Prasad, 47 F.3d at 340, citing Arriaga-Barrientos, 937 F.2d at 414. There is no evidence that there was a pattern of persecution against his family which warrants a fear of persecution upon his return to Nicaragua. Perhaps most importantly, the change in government strongly weakens a legitimate fear of persecution by the Sandinistas.
 
 
 10
 In short, the record does not "compel" a reasonable factfinder to conclude that Montes-Gaitan has a well-founded fear of persecution if he returns to Nicaragua. We must, therefore, affirm the Board. Further, in its determination, the Board did not fail to consider current conditions in Nicaragua and his allegations of past persecution, which would include persecution of family members. Rodriguez-Matamoros v. INS, --- F.3d ----, ---- (9th Cir.1996), 1996 WL 328020, * 2 (past persecution includes persecution to family members).
 
 
 11
 An applicant may show a well-founded fear of persecution by demonstrating past persecution, which gives rise to a presumption of future persecution. Singh, 69 F.3d at 378. Montes-Gaitan also argues that he experienced past persecution, and that such persecution would give rise to a presumption of future persecution. The Board, however, found that he did not experience any persecution in the past.
 
 
 12
 Montes-Gaitan claimed that several years ago, he received notices to appear before the Sandinista interior police and when he failed repeatedly to appear, an arrest warrant was issued. As a result of his failure to report to questioning, his immediate family was harassed, and his wife was allegedly forced to resign from her job. Also, his family was involved in political opposition to the Sandinistas and several family members were imprisoned during the late 1980s.
 
 
 13
 These allegations do not necessarily constitute persecution. "Persecution is an extreme concept." Fisher v. INS, 79 F.3d 955, 961 (9th Cir.1996) (en banc). Brief detention, without beatings, generally does not establish persecution. Being struck and kicked during brief detention does not establish persecution--even when citizen groups also throw rocks at an applicant's house. Prasad, 47 F.3d at 339-40. Here, there was no physical violence against Montes-Gaitan and he was never even detained, though a warrant was issued. The State Department's Bureau of Human Rights and Humanitarian Affairs, however, has concluded that the summons and arrest orders would be "dead letters." Further, the attacks on Montes-Gaitan's family members are not determinative. As pointed out earlier, "attacks on family members do not necessarily establish a well-founded fear of persecution absent a pattern of persecution tied to [individual] petitioners." Prasad, 47 F.3d at 340. In short, a reasonable factfinder, given the legal standards, would not be compelled to find that Montes-Gaitan experienced past persecution. The evidence Montes-Gaitan presents is simply not extreme enough to compel a conclusion that he experienced persecution. Montes-Gaitan, therefore, cannot point to past persecution to support a well-founded fear of persecution.
 
 
 14
 Montes-Gaitan argues that he should have been granted asylum based on past persecution on humanitarian grounds. Sometimes, as the Board observed, we have granted asylum on humanitarian grounds solely on the basis of past persecution. However, in such cases, an applicant must have suffered under "atrocious forms of persecution." Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993). Montes-Gaitan has not shown persecution, let alone extreme or atrocious persecution.
 
 
 15
 Withholding of deportation under section 243(h) of the Act, 8 U.S.C. § 1253(h), requires a showing of a "clear probability of persecution," a more stringent standard than the well-founded fear standard. Ghaly, 58 F.3d at 1429, quoting Arriaga-Barrientos, 925 F.2d at 1179. Therefore, a failure to demonstrate asylum eligibility necessarily precludes withholding of deportation. Id. The Board did not err in rejecting Montes-Gaitan's asylum claim and, therefore, it was correct in denying his application for withholding of deportation.
 
 
 16
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3