91 F.3d 153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bernardo MAYORGA-GARCIA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70036.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 13, 1996.*
Decided July 19, 1996.
 
 Before: REINHARDT and HALL, Circuit Judges, and MERHIGE, District Judge.**
 MEMORANDUM***
 Bernardo Mayorga-Garcia, a native and citizen of Nicaragua, petitions this court for review of a final order of the Board of Immigration Appeals ("BIA" or "Board") denying his request for asylum and withholding of deportation. We conclude that the Board erred in failing to apply a legally mandated presumption. Accordingly, we remand so that the BIA may review the case under the proper legal standard.
 Mayorga entered the United States without inspection near Brownsville, Texas, on or about January 28, 1990. In an Order to Show Cause, dated January 29, 1990, the INS charged that Mayorga was deportable under § 241(a)(2) of the Immigration and Nationalization of Act (INA), 8 U.S.C. § 1251(a)(2). At his deportation hearing begun in August, 1990, Mayorga admitted the factual allegations contained in the Order to Show Cause and conceded deportability. On October 15, 1990, he filed an application for political asylum pursuant to § 208 of the INA, which is also considered a request for withholding of deportation pursuant to § 243(h) of the Act.
 Without much elaboration, the BIA denied Mayorga-Garcia's application for asylum and withholding of deportation. In a sparse three-page opinion, the Board found "no basis to support the respondent's contention that he has a well-founded fear of persecution on account of one of the five grounds enumerated in section 208(a) of the Act or that he has established a claim of past persecution sufficient to merit a grant of asylum relief." In the second clause, the BIA refers to the humanitarian relief granted upon a finding of particularly atrocious past persecution, such that a showing of fear of future persecution is not required, under Matter of Chen, Int.Dec. 3104 (BIA1989).
 The Board of Immigration Appeals did not adopt the immigration judge's decision, which included a finding that the petitioner's testimony was credible, and accordingly it is the BIA's decision that this court must review. Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). However, since the BIA did not make a credibility finding, the petitioner's testimony is nevertheless presumed to be credible. Turcios v. INS, 829 F.2d 720, 723 (9th Cir.1987); Platero-Cortez v. INS, 804 F.2d 1127, 1131 (9th Cir.1986).
 In this case, the petitioner's uncontroverted testimony clearly shows that the petitioner suffered past persecution. He was incarcerated for three months, kept isolated, beaten, threatened, and psychologically mistreated.[1] Under the new asylum regulations, once a petitioner establishes past persecution, there is a rebuttable presumption that the petitioner has also established a well-founded fear of future persecution.[2] If the presumption is not rebutted by a preponderance of the evidence, petitioner is eligible for asylum. In rejecting Mayorga-Garcia's petition for asylum, however, the BIA failed to apply the presumption or impose on the INS the burden of rebutting it. Instead, the BIA concluded in a most cursory fashion that because there was evidence of changed country conditions in Nicaragua, Mayorga had failed to prove that he had an objectively reasonable fear of future persecution. The BIA failed, however, to consider whether the evidence of changed country conditions was sufficient to rebut the presumption or to satisfy the government's burden of proof by a preponderance of the evidence. By failing to do so, the BIA abused its discretion and improperly shifted the burden to the petitioner. Yepes-Prado v. INS, 10 F.3d 1363, 1366 (9th Cir.1993) (an error of law constitutes an abuse of discretion); see also Kotasz v. INS, 31 F.3d 847, 849 (9th Cir.1984) (vacating an order denying asylum and remanding the case because the BIA committed a legal error in denying an asylum request).
 Given the undisputed facts, the legal question here is not, as the BIA thought, whether Mayorga-Garcia "established" his entitlement to asylum, but whether the evidence introduced by the INS overcame the presumption of well founded fear of persecution to which petitioner was entitled. Having failed even to recognize the existence of the presumption, the BIA could certainly not have determined that the presumption had been rebutted. Moreover, while changed country conditions can under certain circumstances be used to rebut the presumption, the Board took only cursory notice of the changes in Nicaragua, and did not make an individualized analysis as required by Berroteran-Melendez v. INS, 955 F.2d 1251, 1257 (9th Cir.1992). Therefore, we conclude that the BIA failed to effectively rebut a legally mandated presumption.
 Accordingly, we vacate the BIA's decision and remand this case to the BIA so that, applying the proper legal standard, it can determine whether to grant Mayorga-Garcia asylum or relief from deportation. See Singh v. Ilchert, 69 F.3d 375, 379 (9th Cir.1995).
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 ***
 This dispostion is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The BIA's decision does not explicitly state that Mayorga suffered past persecution. Instead, it appears to attempt to bypass this question. Under the circumstances present here, however, it cannot do so unless it then applies the presumption
 
 
 [2]
 8 C.F.R. 208.13(b)(1)(i) says, in relevant part:
 If it is determined that the applicant has established past persecution, he shall be presumed also to have a well-founded fear or persecution unless a preponderance of the evidence establishes since the time the persecution occurred conditions in the applicant's country of nationality or last habitual residence have changed to such an extent that the applicant no longer has a well-founded fear of being persecuted if he were to return.