**Surinder SINGH, Petitioner–Appellant,**

v.

**David N. ILCHERT, District Director of the U.S. Immigration and Naturalization Service, Respondent–Appellee.**

**No. 94–17162.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 1995.*

Decided Nov. 1, 1995.

---

* The panel unanimously found this case suitable for decision without oral argument. Fed. R.App.P. 34(a) and Ninth Circuit Rule 34–4.

376

Robert B. Jobe, Jobe & Melrod, San Francisco, California, for petitioner-appellant.

Ellen Sue Shapiro, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for respondent-appellee.

Before PREGERSON, FERNANDEZ, Circuit Judges, and McLAUGHLIN, District Judge.**

PER CURIAM:

Surinder Pal Singh, a native of Punjab, India, appeals the district court's denial of his petition for habeas corpus brought pursuant to 28 U.S.C. § 2254 and section 106(b) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1105a(b). Singh contends that the Board of Immigration Appeals ("BIA") erred in denying his application for asylum and withholding of deportation. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We affirm in part, reverse in part and remand to the District Court for further proceedings.

** The Honorable Linda Hodge McLaughlin, United States District Judge for the Central District

## FACTS

Surinder Pal Singh is a 27–year–old native of Punjab, India. Singh is a devout Sikh. Since the early 1980s, a part of the Sikh community in Punjab has been fighting to establish a Sikh state independent of India. Beginning in February 1988, Sikh separatists repeatedly demanded assistance in their campaign from the unwilling Singh family. They forced themselves into the Singh home, ate their food, and slept under their roof.

The Indian police learned of the apparent support of the Singh family for the separatists and arrested Singh on June 15, 1989. Despite Singh's assurances that he did not support the separatists, the police interrogated and beat Singh for two-and-a-half hours, until he lost consciousness. The police then revived him with water and resumed the beatings. They kept Singh detained for two days.

The Sikh separatists continued to visit Singh's home at least once every six weeks. In January 1990, the police arrested Singh again and imprisoned him for six days. On each of the six days, the Indian police tightened a wide leather belt around Singh's torso until he lost consciousness. The police finally released Singh when the leaders of his village intervened on his behalf.

After Singh's release, the separatists continued to visit his house. Fearing that the police would arrest and torture him again, Singh fled from his home to stay with relatives in another part of India. While staying with his relatives, Singh received letters from his family which stated that the police had returned to his house.

Singh decided to flee India when he learned that the police had interrogated and beaten his brothers. Singh was afraid that either the central police or the Punjab police would find him wherever he went in India. His father paid 80,000 rupees to an "agent" who arranged Singh's travel from India to the United States.

of California, sitting by designation.

Singh arrived in San Francisco on March 15, 1991. Because Singh did not have a valid visa, he was arrested by Immigration and Naturalization ("INS") officers at the airport. Singh was charged with being excludable under 8 U.S.C. § 1182(a)(7)(A)(i)(I).

On February 26, 1992, Singh attended a hearing before an Immigration Judge ("IJ"). Singh did not contest that he was excludable, but petitioned for asylum and withholding of deportation. The IJ denied both forms of relief. Singh appealed to the BIA, which affirmed the IJ. The BIA found that Singh did not meet the requirements for asylum under 8 U.S.C. § 1101(a)(42)(A), or withholding of deportation under 8 U.S.C. § 1253(h).

On June 25, 1993, Singh filed a petition for habeas corpus in the United States District Court for the Northern District of California. The district court found that Singh had suffered past persecution on account of his political opinion but denied the writ. Singh now appeals.

## ANALYSIS

### A.  Standard of Review.

■ A district court's dismissal of a habeas petition is reviewed de novo. *Desir v. Ilchert,* 840 F.2d 723, 726 (9th Cir.1988). "The issues before this court are thus in the same posture as those before the district court and require us to consider the rulings of the BIA." *Singh v. Ilchert ("Ilchert"),* 63 F.3d 1501, 1506 (9th Cir.1995). We review the BIA's factual findings under the "substantial evidence" standard. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992). We review questions of law regarding the INA under the de novo standard. *Ilchert,* 63 F.3d at 1506.

Where, as here, the facts are not in dispute, we must accept as true those facts that petitioner testified to at the IJ hearing. *Ilchert,* 63 F.3d at 1506. Therefore, "[b]ecause the issues presented in this appeal involve the application of established legal principles to undisputed facts, our review of the BIA's asylum and withholding of deportation determinations is de novo." *Id.* The legal issue in this case is whether the BIA was correct in placing on Singh the burden of proving country-wide persecution to be eligible for asylum and for withholding of deportation.

### B.  Asylum.

Under 8 U.S.C. § 1158(a), the Attorney General may grant asylum to an alien who is a refugee. To qualify as a refugee, under 8 U.S.C. § 1101(a)(42)(A), an applicant for asylum must show either past persecution or a "well-founded fear of persecution" on account of the applicant's race, religion, nationality, membership in a particular social group, or political opinion. An applicant can make this showing, and thus be eligible for asylum, in two ways. *See Ilchert,* 63 F.3d at 1505–1506.

■ First, the applicant can show past persecution. *See* 8 C.F.R. § 208.13(b)(1). Once past persecution is demonstrated, then fear of future persecution is presumed, and the burden shifts to the INS to show, by a preponderance of the evidence, that "since the time the persecution occurred conditions in the applicant's country ... have changed to such an extent that the applicant no longer has a well-founded fear of being persecuted if ... [the applicant] were to return." 8 C.F.R. § 208.13(b)(1)(i).

■ An applicant may also qualify for asylum by showing a "well-founded" fear of future persecution. This test includes both subjective and objective components. *Shirazi–Parsa v. INS,* 14 F.3d 1424, 1427 (9th Cir.1994). The subjective element may be satisfied by an applicant's credible testimony that he fears persecution. *Id.* The objective element requires the applicant to show "'by credible, direct, and specific evidence in the record,' ... that persecution is a reasonable possibility." *Ilchert,* 63 F.3d at 1506 (quoting *Diaz–Escobar v. INS,* 782 F.2d 1488, 1492 (9th Cir.1986)). The applicant may satisfy the objective requirement by producing specific documentary evidence or by testifying credibly and persuasively. *Ilchert,* 63 F.3d at 1506.

In this case, the BIA found that Singh did not qualify as a refugee because his past persecution was not "on account of" his political opinion. The BIA also held that Singh did not show a "well-founded" fear of future

persecution because he did not establish the threat of country-wide persecution.

The district court found that Singh *had* suffered past persecution on account of his political opinion. The district court explained that the BIA had applied the law incorrectly. The court, however, concluded that Singh was not entitled to asylum because Singh did not show that he had a country-wide fear of persecution were he to return to India.

1. Past Persecution.

■ We agree with the district court that Singh suffered persecution on account of his political opinion. We have previously held that an applicant can establish past persecution based on political opinion that the government mistakenly imputes to her. *Canas–Segovia v. INS,* 970 F.2d 599, 601–02 (9th Cir.1992).

Here, Singh clearly was persecuted on account of imputed political opinion. Singh was tortured by the police because they thought he was a supporter of the Sikh separatists. The police accused Singh of being a Sikh separatist and did not believe his assertions to the contrary. There is no evidence in the record to suggest that the harm inflicted on Singh by the police resulted from a legitimate government investigation or criminal prosecution. Because the police imputed to Singh the beliefs of the Sikh separatists and harmed him on that basis, the punishment was inflicted with a political motive. *See Ilchert,* 63 F.3d at 1508–1510 (alien, accused of being Sikh separatist and tortured, persecuted on account of political opinion).[1]

2. Country–Wide Persecution.

■ The BIA held and the district court agreed that, even if Singh could show persecution on account of his political opinion, he still was not entitled to asylum because Singh had failed to show a threat of country-wide persecution were he to return to India. Both the district court and the BIA, however, erred in requiring Singh to show a threat of country-wide persecution.

■ As we recently held, "[t]here is no burden on the applicant to show that his *past* experience reflected conditions nationwide." *Ilchert,* 63 F.3d at 1510. Once an applicant demonstrates past persecution, we presume a "well-founded" fear of persecution unless the INS can show by "a preponderance of the evidence" that conditions in the country have changed "to such an extent" that the applicant can no longer have a "well-founded" fear of persecution. 8 C.F.R. § 208.13. If the INS cannot rebut the presumption of a "well-founded" fear of persecution, then the applicant will be found eligible for asylum.

Here, the BIA failed to place the burden of proof on the INS to show, by a preponderance of the evidence, that conditions in India have changed to such an extent that Singh no longer has a "well-founded" fear of persecution were he to return. Instead, the BIA incorrectly placed the burden of proof on Singh to prove country-wide persecution to be eligible for asylum. Thus, because the INS failed to rebut the presumption that Singh had a "well-founded" fear of future persecution were he to return to India, the BIA erred in finding that Singh was not eligible for asylum.

The INS, however, still maintains that Singh is not eligible for asylum under controlling Ninth Circuit authority. The INS cites cases which hold that when threats by guerrilla groups are confined to a single village, and where there is no showing of danger in the rest of the country, the petitioner cannot establish eligibility for asylum. *See Cuadras v. INS,* 910 F.2d 567, 571 (9th Cir. 1990); *Quintanilla–Ticas v. INS,* 783 F.2d 955, 957 (9th Cir.1986); *Diaz–Escobar v. INS,* 782 F.2d at 1493.

These cases are not on point. First, *Cuadras, Quintanilla–Ticas,* and *Diaz–Escobar* were all decided *before* the regulations governing asylum, 8 C.F.R. §§ 208.13, 208.14, were promulgated on July 27, 1990. *See*

---

1. The government asserts that Singh was not tortured on account of his political opinion because, according to the government, the real motive of the police was to gather information about the Sikh separatists. While that may have been one motive of the police, the record reflects that, at least in the first incident, the police beat Singh because they did not believe him when he told them he was not a separatist.

*Ilchert,* 63 F.3d at 1511. Second, there was significant evidence in those cases indicating that the applicants would not fear persecution upon their return to their country of origin. The government has produced no such evidence in this case. Third, unlike *Singh,* the applicants in *Cuadras, Quintanilla–Ticas,* and *Diaz–Escobar* did not suffer past persecution.

Further, we recently held in *Ilchert,* 63 F.3d at 1511, that the existence of a threat of country-wide persecution is *not* relevant in determining *eligibility* for either asylum under 8 C.F.R. § 208.13(b)(1) or withholding of deportation under 8 C.F.R. § 208.16(b)(2). Where an applicant has shown past persecution, evidence that individuals can live peacefully in some parts of applicant's home country has no bearing on the applicant's eligibility for asylum or withholding of deportation. *See Singh v. Moschorak ("Moschorak"),* 53 F.3d 1031, 1034 (9th Cir.1995). In such cases, evidence that an applicant can reasonably relocate to another part of her home country can only be considered in determining whether to exercise discretion to grant or deny asylum to an eligible applicant. *Ilchert,* 63 F.3d at 1511. Even so, such discretion must be exercised "within the constraints of the law." *Id.*

In *Moschorak,* we reversed the BIA's denial of asylum to a Sikh applicant from Punjab who, according to the BIA, failed to show that he faced a threat of country-wide persecution upon his return. We held that *Quintanilla–Ticas* and *Diaz–Escobar* did not apply where the national government is the persecutor. *Moschorak,* 53 F.3d at 1034. As we stated in that case, "[i]t has never been thought that there are safe places within a nation when it is the nation's government that has engaged in the acts of punishing opinion that have driven the victim to leave the country." *Id.*[2]

*Singh v. Ilchert* also involved a Sikh applicant from Punjab who was accused by the police of being a separatist. In *Ilchert,* we held that the BIA erred in requiring the

petitioner to show the existence of a country-wide threat because "[t]his court presumes that in a case of persecution by a governmental body such as a national police force, the government has the ability to persecute the applicant throughout the country." 63 F.3d at 1511.

The INS attempted to rebut this presumption in *Ilchert* by pointing to an excerpt of a State Department advisory opinion submitted by the DOS Bureau of Human Rights and Humanitarian Affairs ("DOS opinion"), which stated that many Sikhs who live outside Punjab do not suffer governmental persecution. *Ilchert,* 63 F.3d at 1511–1512. We, however, found the DOS opinion to be irrelevant in cases where individuals have experienced actual persecution by the government. We also noted that the BIA's order failed to cite to other sections of the DOS opinion which described extrajudicial conduct by the Indian police. *Id.* at 1512.

The instant case cannot be distinguished in any meaningful way from *Moschorak* or *Ilchert.* *Singh* is entitled to a presumption that the government has the ability to persecute him throughout India, because he was persecuted by a centralized Indian police force. The INS offered no evidence to rebut this presumption. In fact, the only evidence the BIA cited to in its order appears to be the same DOS opinion which we found irrelevant in *Ilchert.* We therefore hold that *Singh* is eligible for asylum under 8 U.S.C. §§ 1101(a)(42) and 1158.

C. Withholding of Deportation.

Under 8 U.S.C. § 1253(h)(1), an alien's deportation *must* be withheld if the alien shows a " 'clear probability of persecution' " in the alien's home country. *De Valle v. INS,* 901 F.2d 787, 790 (9th Cir.1990) (citations omitted). Such relief is mandatory where the Attorney General determines that the alien's "life or freedom would be threatened in such country on account of race, religion, nationality, membership in a social group or political opinion." *Blanco–Lopez v. INS,* 858 F.2d 531, 533 (9th Cir.1988) (quoting 8 U.S.C. § 1253(h)(1)). The standard of

---

2. We also noted in *Moschorak,* 53 F.3d at 1034 that the regulations defining refugee status speak only in terms of "country," not regions or areas.

proof for withholding of deportation is more stringent than the "well-founded fear of persecution" standard for asylum eligibility. *INS v. Cardoza–Fonseca*, 480 U.S. 421, 427–32, 107 S.Ct. 1207, 1211–14, 94 L.Ed.2d 434 (1987). The more stringent standard is satisfied by a showing that it is "more likely than not" that the alien will be persecuted if deported to her home country. *INS v. Stevic*, 467 U.S. 407, 424, 104 S.Ct. 2489, 2497, 81 L.Ed.2d 321 (1984).

Here, both the BIA and the district court found that Singh was ineligible for withholding of deportation because he failed to show country-wide persecution. As with Singh's request for political asylum, the BIA erred in requiring Singh to prove country-wide persecution to be eligible for withholding of deportation.

 It was the INS' burden to show, by a preponderance of the evidence, that persecution by the Indian government was no longer "more likely than not." *Ilchert*, 63 F.3d at 1510. Under the regulations for withholding of deportation, once the applicant establishes past persecution,

> it shall be presumed that his life or freedom would be threatened on return to that country unless a preponderance of the evidence establishes that conditions in the country have changed to such an extent that it is no longer more likely than not that the applicant would be so persecuted there.

8 C.F.R. § 208.16(b)(2).

Because Singh showed that he had suffered past persecution from the Indian police, Singh was entitled to a presumption that a "clear probability of persecution" exists were he to return to India. Because the INS failed to show, by a preponderance of the evidence, that Singh did not face the threat of country-wide persecution, the district court erred in affirming the BIA's denial of Singh's request for withholding of deportation. Singh is entitled to withholding of deportation under 8 U.S.C. § 1253(h)(1).

## CONCLUSION

The BIA erred in requiring Singh to prove country-wide persecution to be eligible for either asylum or withholding of deportation. Because Singh showed that he had suffered past persecution, he established eligibility for both political asylum and withholding of deportation. In this case, the INS failed to show, by a preponderance of the evidence, that conditions in India have changed to such an extent that the threat of future persecution by the Indian government no longer exists. Therefore, we affirm in part, reverse in part, and remand to the district court for entry of a judgment granting Singh withholding of deportation and directing the BIA to exercise its discretion consistent with this opinion.

AFFIRMED in part; REVERSED in part; and REMANDED.