77 F.3d 489
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Victor Leonel HERRERA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70244.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1996.*
Decided Feb. 12, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Victor Leonel Herrera, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the order of an immigration judge ("IJ"), denying Herrera's applications for asylum and withholding of deportation under sections 208(a) and 242(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we grant the petition.
 
 
 3
 We review the BIA's factual findings for substantial evidence and we review de novo questions of law regarding the INA. See Singh v. Ilchert ("Ilchert"), 63 F.3d 1501, 1506 (9th Cir.1995).
 
 
 4
 To qualify as a refugee under 8 U.S.C. § 1101(a)(42)(A), an applicant must show either past persecution or a well-founded fear of persecution on account of the applicant's race, religion, nationality, membership in a particular social group, or political opinion. Singh v. Ilchert ("Singh"), 69 F.3d 375, 378 (9th Cir.1995) (per curiam). An applicant shall be found to be a refugee on the basis of past persecution, if the applicant can establish "that he has suffered persecution in the past in his country of nationality ... on account of [one of the enumerated grounds]." 8 C.F.R. § 208.13; accord Singh, 69 F.3d at 378.
 
 
 5
 We agree with Herrera's contention that the BIA erred as a matter of law by finding that Herrera failed to show past persecution on account of an imputed political opinion. In it's order, the BIA expressly stated that it "had no reason to doubt that the [Herrera] was struck on the head after he was apprehended by military officials following his desertion." Moreover, the BIA found credible Herrera's testimony that during his detainment military personnel called Herrera a deserter and a counterrevolutionary, and questioned him about the location of contra military bases.
 
 
 6
 Nonetheless, the BIA concluded that Herrera failed to show that he was persecuted because the BIA was not satisfied that "based on [Herrera's] account of the incident that the Sandinistas sought to punish him for an imputed political opinion rather than for his desertion or failure to divulge information that the Sandinistas believed he possessed."
 
 
 7
 Where more than one motive exists for persecutory conduct, however, it is sufficient if the applicant shows that "one motive is [on account of] one of the statutorily enumerated grounds." Ilchert, 63 F.3d at 1509. Because Herrera's credible testimony established that his interrogators detained and beat him in part because they believed that Herrera was a counterrevolutionary, the BIA erred by finding that Herrera failed to show that he was persecuted on account of an imputed political opinion. See id.
 
 
 8
 Accordingly, Herrera established that he was a refugee, who is eligible for asylum, and therefore, he was entitled to a rebuttable presumption that he had a well-founded fear of persecution if he returned. See Singh, 69 F.3d at 378.
 
 
 9
 Thus, the BIA also erred by improperly placing the burden of proof on Herrera to show that despite the change in government he had a well-founded fear of persecution.
 
 
 10
 It it's order, the BIA stated that Herrera failed to show "even one instance, in which the Sandinistas, following the establishment of the Chamorro government 4 years ago, have harmed him or sought to harm him, his family in Nicaragua, or others similarly situated." The BIA concluded that "in view of the changed circumstances in Nicaragua and the absence of the above-noted evidence, we do not find that the respondent has a well-founded fear of persecution in Nicaragua." Because the BIA placed the burden of proof upon Herrera rather than the INS, we reverse the BIA's determination that due to changes in Nicaragua Herrera no longer has a well-founded fear of persecution. See id.
 
 
 11
 Furthermore, because Herrera showed that he suffered actual persecution in the past, he also is entitled to a presumption that a clear probability of persecution exists if he were to return to Nicaragua, and the INS has the burden to show otherwise. See id. at 381. Thus, the BIA's determination that Herrera failed to show a clear probability of persecution must also be reversed. See id.
 
 
 12
 Accordingly, we grant the petition for review and remand for further proceedings. See id.
 
 
 13
 PETITION FOR REVIEW GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3