91 F.3d 153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William MIRANDA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70784.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1996.*
Decided July 15, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Miranda petitions for review of the Board of Immigration Appeals' (Board) denial of his applications for asylum and withholding of deportation. We have jurisdiction over this timely petition pursuant to 8 U.S.C. § 1105a(a). We deny the petition.
 
 
 3
 Miranda argues that the Board improperly took administrative notice of the new government in Nicaragua. We review the procedures the Board employs for taking administration notice on an abuse of discretion standard. Acewicz v. INS, 984 F.2d 1056, 1060 (9th Cir.1993). The Board may take administrative notice of changed circumstances if it gives the petitioner adequate notice and an opportunity to offer rebuttal evidence. Id. While the Board "need not advise petitioners of its intent to take notice of events occurring prior to the deportation hearing, and argued before the IJ, it must at least warn the asylum applicant before taking notice of significant events that occurred after the deportation hearing." Amador-Alvarado v. INS, --- F.3d ----, ---- (9th Cir.1996), 1996 WL 272544 (quotations omitted).
 
 
 4
 Miranda's argument is meritless. According to the record, the immigration judge (IJ) properly took notice of the change in government and gave Miranda ample opportunity to respond to the proposition that the new government does not pose a threat to him. Miranda, in fact, took advantage of the opportunity, presenting the IJ with newspaper and journal articles as evidence that Sandinista supporters continued to persecute their political opponents, despite the change in government.
 
 
 5
 Miranda faults the Board for not allowing him to submit evidence concerning recent developments in Nicaragua. He cites Nicaragua: a country study as a source which the Board failed to notice. However, as the government points out, there is no evidence that Miranda made any effort to submit additional evidence to the Board, and he does not even claim that he attempted to submit this source to the Board. The Board may take administrative notice in its discretion, Amador-Alvarado, 1996 WL 272544, * 1, and cannot be faulted for failing to notice a source not even brought to its attention.
 
 
 6
 Miranda further claims that he established eligibility for asylum and withholding of deportation because he established a well-founded fear of persecution. We reverse the Board's findings concerning claims of persecution only if "the evidence ... compels" reversal. Elias-Zacarias v. INS, 502 U.S. 478, 481 n. 1 (1992). In his notice of appeal to the Board, Miranda argues that the immigration judge erred in failing to find past persecution. He did not argue past persecution in his brief to us. Arguments not raised in the opening brief are usually considered abandoned. See, e.g., Dilley v. Gunn, 64 F.3d 1365, 1367 (9th Cir.1995). We, therefore, will limit our discussion to whether the record would compel a reasonable factfinder to conclude a well-founded fear of persecution exists.
 
 
 7
 To show a well-founded fear of persecution, Miranda must establish the he has a subjective fear and that this fear is objectively reasonable. Cuadras v. INS, 910 F.2d 567, 570 (9th Cir.1990). He must show that credible, direct, and specific evidence supports his fear. INS v. Cardoza-Fonseca, 480 U.S. 421, 430-31 (1987).
 
 
 8
 Miranda bases his claim of persecution by pointing to his involvement with the Partido Popular Social Cristiano, an opposition political party, as well as his resistance to military service. He claims that as a result of his opposition, he was detained for 15 days for failure to register for the draft, but was released upon his conscription into the military. Due to his continued criticism of the government during his military service, Miranda claims that he was given dangerous assignments. He successfully completed his military service, yet fears reprisals from Sandinistas still in the government if he returns to Nicaragua.
 
 
 9
 The Board rejected Miranda's claim on the objective prong of the well-founded fear determination. It found that several factors: the change in government, the abolition of military conscription, and President Chamorro's general amnesty weigh against finding an objective fear. The Board did not abuse its discretion in this determination. A factfinder would not be compelled to rule that Miranda has a well-founded fear of persecution in light of the abolition of military conscription and the change of government. Further, Miranda failed to show that his alleged persecutors have "the will or the ability" to continue the persecution. Nasseri v. Moschorak, 34 F.3d 723, 729 (9th Cir.1994), quoting Bolanos-Hernandez v. INS, 767 F.2d 1277, 1285 (9th Cir.1984).
 
 
 10
 Miranda responds that State Department's Country Reports on Human Rights Practices for 1994 shows that he will face persecution if he returns. However, that document was not submitted at the deportation hearing, the Board did not consider it, and the document is, therefore, not part of the administrative record. It is not properly subject to our review. See 8 U.S.C. § 1105a(a)(4) ("the petition shall be determined solely upon the administrative record").
 
 
 11
 Even if it were part of the record, that document gives Miranda little help. It primarily discusses Sandinista retaliation against members of the former resistance. The Report does not speak of harm committed against those who merely criticized the government or resisted military service. A reasonable factfinder would not be compelled to find that such evidence supports Miranda's claimed well-founded fear of persecution. Singh v. Ilchert, 69 F.3d 375, 378 (9th Cir.1995).
 
 
 12
 Further, as the government points out, Miranda's claim of persecution seems to be a fear that he will be conscripted into reserve duty. As the general conscription has been abolished, this is a difficult claim to maintain. Moreover, mere conscription does not constitute persecution. See Barraza Rivera v. INS, 913 F.2d 1443, 1450 (9th Cir.1990) ("[r]equiring military service does not, per se, constitute persecution").
 
 
 13
 Miranda cannot rely on Montecino v. INS, 915 F.2d 518 (9th Cir.1990). There, we found as well-founded a former Salvadoran government soldier's fear of persecution from guerillas, who had killed other soldiers. Miranda, on the other hand, fears reprisals from his fellow soldiers and points to no evidence that individuals in his position face persecution from the Sandinistas. Given the factual difference between Montecino and this case, a reasonable factfinder was not compelled to find a well-founded fear of persecution.
 
 
 14
 Finally, Miranda argues that the Board failed to properly consider two factors relevant to his asylum: his anti-Sandinista activity in the United States and Nicaragua and the Country Reports on Human Rights Practices for 1994. A failure to consider relevant factors constitutes an abuse of the Board's discretion. Kazlauskas v. INS, 46 F.3d 902, 907 (9th Cir.1995).
 
 
 15
 The Board, however, did mention reports of Sandinista reprisals against "UNO supporters" hostile to the Sandinistas. By considering "UNO supporters," the Board meant those groups in which Miranda participated while in the United States and Nicaragua. This demonstrates the Board's consideration of Miranda's claim of persecution on account of political opinion. See Ghaly v. INS, 58 F.3d 1425, 1430 (9th Cir.1995) ("[a]ll that we require is that the Board provide a comprehensible reason for its decision"). Moreover, as discussed above, the report was not made available at the time the Board issued its decision, and is not part of the administrative record.
 
 
 16
 Finally, withholding of deportation under section 243(h) of the Act, 8 U.S.C. § 1253(h), requires a showing of a "clear probability of persecution," a more stringent standard than the well-founded fear standard. Ghaly, 58 F.3d at 1429, quoting Arriaga-Barrientos v. INS, 925 F.2d 1177, 1179 (9th Cir.1991). Therefore, a failure to demonstrate asylum eligibility necessarily precludes withholding of deportation. Id. The Board did not err in rejecting Miranda's asylum claim and, therefore, it was correct in denying his claim for withholding of deportation.
 
 
 17
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3