92 F.3d 1194
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jorge RUEDA-MENICUCCI; Ana M. Calero De Rueda; Jorge
Martin Rueda-Calero; Jorge Enrique Rueda-Calero;
Ana Maria Rueda-Calero, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70281.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1996.*
Decided Aug. 5, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jorge Rueda-Menicucci, Ana M. Calero de Rueda, and their three children, natives and citizens of Nicaragua, petition for review of the Board of Immigration Appeals' ("BIA") decision denying their applications for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) and grant the petition for review.[1]
 
 
 3
 We review the factual findings regarding an applicant's eligibility for asylum under the substantial evidence standard. Singh v. Ilchert, 63 F.3d 1501, 1506 (9th Cir.1995) ("Ilchert"). Questions of law, such as "the application of established legal principles to undisputed facts," are reviewed de novo. Id. We review for substantial evidence the decision to deny withholding of deportation. Kazlauskas v. INS, 46 F.3d 902, 907 (9th Cir.1995).
 
 
 4
 To qualify for asylum, an applicant must demonstrate that he or she has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1101(a)(42)(A), 1158(a). To qualify for withholding of deportation, an applicant must present evidence of a clear probability of persecution. See 8 U.S.C. § 1253(h). Once an applicant establishes past persecution, he or she is presumed to have a well-founded fear of persecution, and a clear probability of persecution, unless the Immigration and Naturalization Service ("INS") can show by a preponderance of the evidence that country conditions have changed to such an extent that the inference is invalid. See Singh v. Ilchert, 69 F.3d 375, 379, 381 (9th Cir.1995) (per curiam) ("Singh").
 
 
 5
 Rueda-Menicucci contends that the BIA erred by finding that he did not establish past persecution or a well-founded fear of persecution on account of his political opinion. We agree.
 
 
 6
 Rueda-Menicucci testified that he was arrested and severely beaten and interrogated by agents of the Somoza regime during a 15-day detention in 1978, on account of his political activities in support of the Social Christian Party. In 1979, Rueda-Menicucci was shot by a member of the Somoza military. Following the Sandinista revolution, Rueda-Menicucci worked as an investigator with the Ministry of Interior, but began to have reservations about certain Sandinista policies. In 1981, Sandinista officials arrested and detained Rueda-Menicucci for three days. He was beaten, his clothes were destroyed, and his captors threatened to kill him. Rueda-Menicucci believes that government agents arrested him to intimidate him and because he was "in ... disagreement [with] the political alignment of the Sandinista front." Following his release, Rueda-Menicucci resigned from the Ministry of Interior, and he entered the United States five years later.
 
 
 7
 Rueda-Menicucci's testimony, if true, would compel a finding of past persecution by Sandinista and Somoza officials on account of political opinion. See Prasad v. INS, 83 F.3d 315, 318 (9th Cir.1996) (finding that multiple detentions and beatings by government officials amounted to persecution). Accordingly, he would be a refugee eligible for a discretionary grant of asylum. See 8 U.S.C. §§ 1101(a)(42)(A), 1158(a); Desir v. Ilchert, 840 F.2d 723, 729 (9th Cir.1988).
 
 
 8
 In the exercise of its discretion, the BIA may consider the "the potential effects of [Rueda-Menicucci's] return to his country." Kazlauskas, 46 F.3d at 905. If Rueda-Menicucci established past persecution, a rebuttable presumption would arise that his life or freedom would be threatened upon return. See Singh, 69 F.3d at 379, 381. The BIA erred by holdiing that even if Rueda-Menicucci established past persecution, he had to show "sufficiently detailed evidence of any widespread instances in which the Sandinistas, ... have imprisoned or otherwise harmed ... individuals upon their return to Nicaragua...." See Singh, 69 F.3d at 379 (stating that the INS bears the burden of rebutting the presumption by a preponderance of the evidence).
 
 
 9
 We vacate and remand for a determination consistent with this opinion on Rueda-Menicucci's request for asylum and withholding of deportation.
 
 
 10
 PETITION FOR REVIEW GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Rueda-Menicucci's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rueda-Menicucci also petitions for review of the BIA's denial of his request for voluntary departure under section 244(e) of the INA, 8 U.S.C. § 1254(e). Given our disposition of this petition for review, we decline to address Rueda-Menicucci's application for voluntary departure at this time