108 F.3d 1386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Zoila Leonor QUEZADA-CORTEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70282.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1997.*
Decided March 13, 1997.
 
 1
 Before: SNEED, LEAVY, and THOMAS, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Zoila Leonor Quezada-Cortez, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") order denying her application for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we grant the petition.
 
 
 4
 We review for substantial evidence the factual determinations underlying the BIA's decision. Singh v. Ilchert, 69 F.3d 375, 378 (9th Cir.1995) (per curiam) ("Ilchert"). Questions of law are reviewed de novo. Id. We review for substantial evidence the decision to deny withholding of deportation. Kazlauskas v. INS, 46 F.3d 902, 907 (9th Cir.1995). We review for abuse of discretion the BIA's taking administrative notice of facts not in the record. Getachew v. INS, 25 F.3d 841, 845 (9th Cir.1994).
 
 
 5
 First, Quezada-Cortez contends that the BIA abused its discretion by taking administrative notice of changed country conditions in Nicaragua based upon evidence that was not part of the administrative record. This contention has merit.
 
 
 6
 The BIA has discretionary authority to take administrative notice of facts outside of the record. See id. The BIA "need not notify applicants before considering events that occurred before the deportation hearing and that were presented and argued before the IJ during the deportation hearing." Id. (emphasis omitted). However, "taking administrative notice of post-hearing debatable adjudicative facts without warning and an opportunity to offer rebuttal denies due process of law." Gonzalez v. INS, 82 F.3d 903, 912 (9th Cir.1996).
 
 
 7
 Here, the BIA took administrative notice of facts contained in the Department of State's Country Reports on Human Rights Practices for 1994 ("1994 Report"), which was not entered into evidence in the proceedings below. At her deportation hearing before the IJ, Quezada-Cortez had submitted the 1993 Report, in order to support her argument that despite the 1990 election, Sandinistas still controlled the unions which she had refused to join.
 
 
 8
 The BIA took notice that a coalition government succeeded the Sandinista party on April 25, 1990. Relying upon the 1994 Report, the BIA determined that there had been a reduction in human rights violations in Nicaragua, and that there were no reports of political violence against any returning Nicaraguan citizen in 1994.
 
 
 9
 We conclude that the BIA's determination that the change of government dissipated the likelihood of persecution was made without giving Quezada-Cortez notice and an opportunity to be heard on whether those changes eliminated the danger to her. See id. Accordingly, the BIA abused its discretion by failing to give Quezada-Cortez notice and an opportunity to be heard regarding post-hearing debatable adjudicative facts. See id.
 
 
 10
 Next, Quezada-Cortez contends that the BIA erred by finding her statutorily ineligible for asylum based upon past persecution. This contention has merit.
 
 
 11
 To establish eligibility for asylum, an applicant must demonstrate that he or she has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group or political opinion. See 8 U.S.C. §§ 1101(a)(42)(A), 1158(a); Singh v. INS, 94 F.3d 1353, 1358 (9th Cir.1996) ("Singh").[1] Once an applicant establishes past persecution, she is presumed to have a well-founded fear of persecution unless the Immigration and Naturalization Service ("INS") can show by a preponderance of the evidence that country conditions have changed to such an extent that the applicant would not have a well-founded fear of persecution upon her return. See 8 C.F.R. § 208.13(b)(1)(i). If the presumption is not rebutted by a preponderance of the evidence, then the applicant is eligible for asylum. See Ilchert, 69 F.3d at 379.
 
 
 12
 Here, the BIA found that Quezada-Cortez established past persecution because she had been singled out, threatened and harassed by several Sandinista groups based upon her political opinion and her refusal to participate in pro-Sandinista activities. Next, the BIA stated that this finding of past persecution creates a rebuttable presumption of future persecution, but the BIA concluded that this presumption was rebutted by changed country conditions in Nicaragua. The BIA appears to have based this determination upon the 1994 Report that was not part of the administrative record.
 
 
 13
 In rejecting Quezada-Cortez's petition for asylum, the BIA failed to impose on the INS the burden of showing by a preponderance of the evidence that conditions in Nicaragua have changed to such an extent that Quezada-Cortez no longer has a well-founded fear of persecution. See Ilchert, 69 F.3d at 379. Instead the BIA concluded that because there was evidence of changed country conditions in Nicaragua, Quezada-Cortez had failed to prove that she had an objectively reasonable fear of future persecution. While changed country conditions can under certain circumstances be used to rebut the presumption of future persecution, the BIA failed to make the requisite individualized analysis. See id.; see also Berroterean-Melendez v. INS, 955 F.2d 1251, 1257 (9th Cir.1992). Because the INS failed to rebut the presumption that Quezada-Cortez had a well-founded fear of persecution upon her return to Nicaragua, the BIA erred by finding that Quezada-Cortez was not eligible for asylum. See Ilchert, 69 F.3d at 379.
 
 
 14
 Accordingly, we vacate the BIA's decision and remand this case to the BIA. On remand, the BIA may either decline to consider the 1994 Report, or in the event the BIA takes administrative notice of the 1994 Report, it must give Quezada-Cortez notice and an opportunity to respond.[2] See Gonzalez, 82 F.3d at 912.
 
 
 15
 PETITION FOR REVIEW GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To qualify for withholding of deportation, an applicant must present evidence of a clear probability of persecution. See 8 U.S.C. § 1253(h)
 
 
 [2]
 Some forms of past persecution also give rise to a rebuttable presumption that the petitioner is entitled to withholding of deportation. See 8 C.F.R. § 208.16(b)(2); Surita v. INS, 95 F.3d 814, 821 (9th Cir.1996). Thus, on remand the BIA should also determine whether such a regulatory presumption has arisen in this case, and whether the INS can rebut this presumption. See Singh, 94 F.3d at 1361