116 F.3d 1485
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nilo Canon FLORES, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70571.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997**
June 19, 1997.
 
 Before GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Nilo Canon Flores, a native and citizen of the Philippines, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ") denial of his request for asylum and withholding of deportation pursuant to sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a), 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 3
 Flores contends that the BIA's decision that he failed to establish past persecution or a well-founded fear of future persecution is not supported by substantial evidence. This contention lacks merit.
 
 
 4
 We review the denial of asylum for abuse of discretion and the denial of withholding of deportation for substantial evidence. See Kazlauskas v. INS, 46 F.3d 902, 905, 907 (9th Cir.1995). We review factual findings underlying the determination for substantial evidence, and will reverse only if the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. See INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).
 
 
 5
 To qualify for asylum, Flores must demonstrate that he has suffered past persecution, or that he has a well-founded fear of future persecution in the Philippines on account of his race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1158(a), 1101(a)(42)(A); Singh v. Ilchert, 69 F.3d 375, 378 (9th Cir.1995) (per curiam). Flores must show both a genuine subjective fear of persecution and an objectively reasonable fear. See Singh, 69 F.3d at 378. "The objective inquiry requires 'a showing by credible, direct, and specific evidence of facts supporting a reasonable fear of persecution' " on account of one of the enumerated grounds. Prasad v. INS, 47 F.3d 336, 338 (9th Cir.1995) (quoting Shirazi-Parsa v. INS, 14 F.3d 1424, 1427 (9th Cir.1994)).
 
 
 6
 The Moro National Liberation Front ("MNLF") paid Flores to act as a courier of money and coded messages between Abu Dhabi and Manila from mid-1985 to September 1989. In January 1990, one of Flores's MNLF contacts warned him that the MNLF had "marked him for death" for stealing money and being a double agent for the Philippine government. The MNLF never directly threatened or persecuted Flores. Here, substantial evidence supports the BIA's determination that Flores's interactions with the MNLF did not rise to the level of past persecution. See Prasad, 47 F.3d at 339.
 
 
 7
 Substantial evidence also supports the BIA's finding that Flores lacked an objectively reasonable, well-founded fear of future persecution. See Kazlauskas, 46 F.3d at 906. Flores testified that his wife, who has remained in Manila, receives monthly anonymous phone calls threatening to kill Flores. However, Flores failed to establish that he has been singled out based upon his religion, or any other enumerated ground. See Prasad, 47 F.3d at 340. Rather, Flores's own testimony supports the BIA's determination that Flores failed to demonstrate that his fear was based upon an enumerated ground. See id.
 
 
 8
 Accordingly, the BIA did not abuse its discretion by affirming the IJ's denial of asylum. See Kazlauskas, 46 F.3d at 905. Because the standard for withholding of deportation is higher than the standard for a grant of asylum, we affirm the BIA's denial of withholding of deportation. See 8 U.S.C. § 1253(h); Aruta v. INS, 80 F.3d 1389, 1396 (9th Cir.1996).
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3