122 F.3d 1073
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Margarita Haydee RIVERA-GONZALEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-71046.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997**
Aug. 27, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, INS No. Aig-nxl-ibi.
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Margarita Haydee Rivera-Gonzalez, a native and citizen of El Salvador, petitions pro se for review of the decision of the Board of Immigration Appeals ("BIA") affirming the immigration judges's ("IJ") denial of her application for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and deny the petition.
 
 
 3
 We review for substantial evidence the BIA's factual findings underlying its decision that an applicant is ineligible for asylum, see Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995), and we will reverse that decision only if the applicant presents compelling evidence of persecution, see Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir.1995).
 
 
 4
 Rivera-Gonzalez contends that the BIA's finding that she did not establish a well-founded fear of persecution on account of her imputed political opinion is not supported by substantial evidence. This contention lacks merit.
 
 
 5
 To establish eligibility for asylum, Rivera-Gonzalez must show that she has a well-founded fear of persecution in El Salvador on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. § 1101(a)(42)(A), 1158(a); Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). She must demonstrate both a genuine subjective fear of persecution and an objectively reasonable fear. See Acewicz, 984 F.2d at 1061. The objective inquiry requires "a showing by credible, direct, and specific evidence of facts supporting a reasonable fear of persecution on the relevant ground." See Lopez-Galarza v. INS, 99 F.3d 954, 958-59 (9th Cir.1995) (citation and internal quotations omitted).
 
 
 6
 Rivera-Gonzalez testified that she worked as a nurse at a hospital in San Salvador. One day, the head nurse called her into her office and accused Rivera-Gonzalez of placing threatening phone calls to the head nurse's home. The head nurse told Rivera-Gonzalez that she wanted the phone calls to cease and she wanted to know to which guerrilla group Rivera-Gonzalez belonged. Rivera--Gonzalez denied making the threatening phone calls.
 
 
 7
 About four days after the encounter with the head nurse, the police picked up Rivera-Gonzalez for questioning. The police wanted to know why she was making threatening phone calls to the head nurse and they wanted to know to which guerrilla group she belonged. Rivera-Gonzalez testified that she was physically mistreated during her detention and released after about a week.
 
 
 8
 Here, substantial evidence supports the BIA's determination that Rivera-Gonzalez failed to establish her eligibility for asylum. Although Rivera-Gonzalez's testimony may have established that she genuinely fears persecution if returned to El Salvador, see Cuadras v. INS, 910 F.2d 567, 571 (9th Cir.1990), she did not adduce sufficient evidence to support an objectively reasonable well-founded fear of persecution on account of one of the enumerated grounds, see Rodriquez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam).
 
 
 9
 Rivera-Gonzalez has not established that the police were interested in her for her political beliefs. Rather, the evidence indicates that the police were investigating the head nurse's reports of harassing phone calls. Cf. Singh v. Ilchert, 69 F.3d 375, 379 (9th Cir.1995) (per curiam) ("There is no evidence in the record to suggest that the harm inflicted on Singh by the police resulted from a legitimate government investigation or criminal prosecution."). Accordingly, substantial evidence supports the conclusion that the police investigated Rivera-Gonzalez because they suspected her of placing threatening phone calls to the head nurse, not because of a political opinion imputed to her by the police. See Acewicz, 984 F.2d at 1061. Rivera-Gonzalez has not presented evidence that would have compelled the BIA to find that the police imputed a political opinion to her. See INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992). Moreover, the fact that Rivera-Gonzalez's family member have remained safely in El Salvador undercuts Rivera-Gonzalez's well-founded fear. See Rodriguez-Rivera, 848 F.2d at 1006.
 
 
 10
 In light of the record, we conclude that no reasonable factfinder would be compelled to conclude that Rivera-Gonzalez possessed a well-founded fear of persecution. See Kazlauskas, 46 F.3d at 905. Finally, because the standard for withholding of deportation is higher than the standard for asylum, we affirm the denial of withholding of deportation. See Acewicz, 984 F.2d at 1062.
 
 
 11
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3