132 F.3d 38
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mercedes De LEON, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70127.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 18, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals.
 Before: SNEED, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mercedes De Leon, a native and citizen of Guatemala, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the immigration judges's ("IJ") denial of her application for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h) We have jurisdiction pursuant to 8 U.S.C. § 1105a(a),[1] and we deny the petition.
 
 
 3
 We review for substantial evidence the BIA's factual findings underlying its decision that an applicant is ineligible for asylum see Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995), and we will reverse that decision only if the applicant present's compelling evidence of persecution, see Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir.1995).
 
 
 4
 De Leon contends that the BIA's finding that she did not establish past persecution or a well-founded fear of persecution on account of her political opinion is not supported by substantial evidence. This contention lacks merit.
 
 
 5
 To establish eligibility for asylum, De Leon must show that she has suffered past persecution or has a well-founded fear of persecution in Guatemala on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1101(a)(42)(A), 1158(a); Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). She must demonstrate both a genuine subjective fear of persecution and an objectively reasonable fear. See Acewicz, 984 F.2d at 1061. The objective inquiry requires "a showing by credible, direct, and specific evidence of facts supporting a reasonable fear of persecution on the relevant ground." See Lopez-Galarza v. INS, 99 F.3d 954, 958-59 (9th Cir.1996) (citation and internal quotations omitted).
 
 
 6
 Here, substantial evidence supports the BIA's determination that De Leon failed to establish her eligibility for asylum. The Guatemalan military detained De Leon for one hour in 1978 and for fourteen hours in 1980 and accused her of being a subversive for aligning herself with a breakaway union that had been organized by the employees at the hotel where she worked. Although De Leon testified that she was physically and psychologically mistreated during these detentions, the record does not compel the conclusion that this mistreatment amounted to persecution. See Prasad v. INS, 47 F.3d 336, 339 (9th Cir1995) (concluding that there was no past persecution where petitioner was arrested, hit, kicked, and detained for four to six hours); cf. Singh v. Ilchert, 69 F.3d 375, 379 (9th Cir.1995) (per curiam) (concluding that multiple arrests combined with beatings and torture constituted past persecution); Desir v. Ilchert, 840 F.2d 723, 727 (9th Cir.1988) (concluding that multiple arrests, severe beatings, and threats on the petitioner's life constituted past persecution).
 
 
 7
 Although De Leon's testimony may have established that she genuinely fears persecution if returned to Guatemala, see Cuadras v. INS, 910 F.2d 567, 571 (9th Cir.1990), she did not adduce sufficient evidence to support an objectively reasonable well-founded fear of persecution on account of one of the enumerated grounded, see Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam).
 
 
 8
 De Leon's testimony that her brother was arrested in 1989 and asked about her whereabouts does not support her claim to asylum. De Leon left Guatemala in 1980. She testified that, although her brother also worked at the hotel, no one knew they were related. Moreover, De Leon's brother resides in the same place in Guatemala and has not been further questioned and De Leon's other family members have remained in Guatemala without incident. See id. at 1006.
 
 
 9
 In light of the record, we conclude that no reasonable factfinder would be compelled to conclude that De Leon possessed a well-founded fear of persecution. See Kazlauskas, 46 F.3d at 905. Finally, because the standard for withholding of deportation is higher than the standard for asylum, we affirm the denial of withholding of deportation. See Acewicz, 984 F.2d at 1062.
 
 
 10
 De Leon also petitions for review of the BIA's decision affirming the IJ's denial of her application for suspension of deportation under 8 U.S.C. § 1254(a)(1). We dismiss this portion of the petition for review for lack of jurisdiction. See Kalaw v. INS, No. 97-70106, slip op. 14093, 14102-03 (9th Cir. Dec. 1, 1997).
 
 
 11
 PETITION FOR REVIEW DENIED in part and DISMISSED in part.[2]
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly petitioner's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repeals 8 U.S.C. § 1105a and replaces it with a new judicial review provision to be codified at 8 U.S.C. § 1252. See IIRIRA § 306(c)(1), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656. However, because the new review provision does not apply to petitioners whose deportation proceedings commenced before April 1, 1997, we continue to have jurisdiction over the instant petition under 8 U.S.C. § 1105a. See IIRIRA § 309(c)(1)
 
 
 [2]
 We do not consider petitioner's eligibility, if any, for relief under the Nicaraguan Adjustment and Central American Relief Act, Pub.L. No. 105-100, 111 Stat. 2160 (Nov. 19, 1997)