139 F.3d 904
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raul DIAZ-DELEON, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-71108.
INS No. Ast-cbj-nww
 United States Court of Appeals, Ninth Circuit.
 Decided Feb. 17, 1998.
Submitted February 11, 1998** San Francisco, California
 
 Petition for Review of a Decision of the Board of Immigration Appeals.
 Before GOODWIN, KOZINSKI and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The record supports the BIA's finding that the URNG recruited Diaz-Deleon because of his intelligence and skills rather than because of his political opinion. As Diaz-Deleon himself testified, "[T]hey wanted me as a member of their group, because I was more intelligent than the average person and because they needed young people[.]" A.R. 85. See A.R. 77, 81; INS v. Elias-Zacarias, 502 U.S. 478, 482-83, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (group's attempt to recruit victim into, or to extort support for, its cause does not by itself establish causal connection with victim's political opinion); Sangha v. INS, 103 F.3d 1482, 1490 (9th Cir.1997) (applicant must show that persecution was "because of" her political opinion). Also supported is the BIA's finding that the URNG's influence was not country-wide. See Singh v. Ilchert, 69 F.3d 375, 380 (9th Cir.1995) (evidence that harassment is not countrywide may be considered in deciding whether to grant asylum). In light of these findings, Diaz-Deleon was entitled to neither asylum nor withholding of deportation. See 8 U.S.C. § 1101(a)(42)(A).
 
 
 3
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4