**Harbhajan KAUR, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

**No. 03–71448.**

**Agency No. A75–016–388.**

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2005.\*\*

Decided April 13, 2005.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**506**

Antonio Reyna Salazar, Salazar Law Offices, Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, OIL, William C. Peachey, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before KOZINSKI, HAWKINS, and CLIFTON, Circuit Judges.

### MEMORANDUM***

Harbhajan Kaur, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of her application for asylum, withholding of deportation, and her request for protection under the Convention Against Torture ("CAT"). Because the transitional rules apply, *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review the denial of asylum and withholding of deportation for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000). We review questions of law regarding the Immigration and Nationality Act under the de novo standard. *Singh v. Ilchert*, 69 F.3d 375, 378 (9th Cir.1995). We grant the petition and remand for further proceedings.

■ Because the BIA did not make an explicit adverse credibility determination in this case, we accept petitioner's testimony as true. *See Navas v. INS*, 217 F.3d 646, 652, n. 3 (9th Cir.2000). Assuming Kaur's testimony is true, the record shows that she was persecuted, at least in part, on account of an imputed political association with Sikh separatists. *See id.* at 659 & n. 18; *Singh v. Ilchert*, 63 F.3d 1501, 1509 (9th Cir.1995). The records also shows that the abuse suffered by Kaur during her two detentions was sufficiently severe to compel a finding of past persecution. *See Mamouzian v. Ashcroft*, 390 F.3d 1129, 1134–35 (9th Cir.2004); (noting that two detentions, beatings and threats rose to level of persecution); *see also Lopez v. Ashcroft*, 366 F.3d 799, 803 (9th Cir.2004) (noting that failure to seek medical treatment is "hardly the touchstone" of whether treatment amounts of persecution).

Accordingly, we remand for further proceedings consistent with this opinion. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam); *see also Lopez*, 366 F.3d at 807, n. 5 & n. 6.

**PETITION FOR REVIEW GRANTED; REMANDED.**

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.