**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BALVIR SINGH, | No. 07-72396 |
| Petitioner, | Agency No. A095-415-562 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 12, 2011
San Francisco, California

Before:     B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Balvir Singh, a native and citizen of India, petitions for review of the

decision of the Board of Immigration Appeals ("BIA") affirming the Immigration

Judge's ("IJ") denial of his applications for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

under 8 U.S.C. § 1252.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1.      Having established past persecution, Singh is entitled to the presumption that he has a well-founded fear of future persecution. *Ali v. Holder,* 637 F.3d 1025, 1029 (9th Cir. 2011). Substantial evidence does not support the BIA's finding that the government showed, by a preponderance of the evidence, that a fundamental change in country conditions occurred in India such that Singh no longer has a well-founded fear of persecution. *See id.* The country reports relied on by the BIA do not serve to rebut, on an individualized basis, the presumption that Singh's fear of future persecution is well-founded. *See id.* at 1030-31; *Chand v. INS,* 222 F.3d 1066, 1079 (9th Cir. 2000) (general country report information describing an improvement in conditions prior to the persecution suffered by the applicant is not sufficient to rebut the presumption).

2.      Because Singh suffered past persecution at the hands of the Indian police, he is entitled to the presumption that the threat of persecution against him exists nationwide, and the government bears the burden of proving, by a preponderance of the evidence, that he could reasonably relocate to avoid future persecution. *Melkonian v. Ashcroft,* 320 F.3d 1061, 1070 (9th Cir. 2003). The generalized information relied on by the BIA falls short of providing substantial evidence to support the determination that a preponderance of the evidence showed that Singh could reasonably relocate free of future persecution to other parts of the

country. *See Singh v. Ilchert,* 69 F.3d 375, 380 (9th Cir. 1995); *Borja v. INS,* 175 F.3d 732, 737-38 (9th Cir. 1999) (en banc) (country report stating it was "*generally possible to seek internal resettlement*" was insufficient to overcome presumption). *See also Salazar-Paucar v. INS,* 281 F.3d 1069, 1077 (9th Cir. 2002) (mere passage of time cannot rebut the presumption of future persecution).

3. Singh is therefore eligible for asylum. The IJ and the BIA have already concluded that, barring changes in country conditions and the possibility of reasonable relocation, Singh demonstrated eligibility for asylum. We do not need to remand for further consideration of changed conditions and the possibility of relocation. We have reviewed and applied the correct legal standard to the IJ's and the BIA's interpretation of the documents in the record on these issues. *Compare INS v. Ventura,* 537 U.S. 12, 17 (2002) (requiring remand where BIA had not yet considered changed conditions question in the first instance). This case has already been remanded once for consideration of changed country conditions. *Cf. He v. Ashcroft,* 328 F.3d 593, 604 (9th Cir. 2003). We therefore grant the petition and remand to the agency to exercise its discretion with regards to Singh's asylum claim.

4. The IJ and the BIA have not yet decided in the first instance whether Singh has met the more stringent standard for withholding of removal. We

therefore remand for further proceedings on whether Singh is eligible for withholding of removal.

**5.** Substantial evidence supports the BIA's determination that Singh is not eligible for CAT relief because he did not establish that he would "more likely than not" be tortured if returned to India. 8 C.F.R. § 208.16(c)(2). We deny Singh's petition with regard to his CAT claim.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; and REMANDED. No costs.**

4