105 F.3d 668
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Azam VASHAGHANI, Petitioner-Appellant,
v.
Donald A. RADCLIFFE, District Director, United States
Immigration and Naturalization Service, Department
of Justice, Honolulu, Hawaii, Defendant-Appellee.
 No. 95-17274.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1996.
Decided Dec. 31, 1996.
 
 Before: WALLACE, SCHROEDER, and ALARCN, Circuit Judges.
 
 MEMORANDUM
 
 1
 Vashaghani appeals from the district court's denial of her petition for a writ of habeas corpus. The district court had jurisdiction under 8 U.S.C. § 1105a(b). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 2253. We affirm.
 
 
 2
 The government suggests we lack jurisdiction because Vashaghani failed to effect service of her petition for habeas corpus as required by Federal Rule of Civil Procedure 4(i). We are not advised how the service was deficient, nor whether the government did or did not receive a copy of the petition. Indeed, the issue was not raised in the district court where jurisdiction might be affected, and where a record could be made. The government is too late and there is no record upon which to decide the issue. Indeed, the government failed to appeal this alleged defect in the district court's jurisdiction.
 
 
 3
 Vashaghani contends that both the Board of Immigration Appeals (Board) and the district court erred in holding that she failed to show a well-founded fear of persecution under 8 U.S.C. § 1101(a)(42)(A). "The issues before this court are thus in the same posture as those before the district court and require us to consider the rulings of the [Board]." Singh v. Ilchert, 69 F.3d 375, 378 (9th Cir.1995) (citation omitted). We reverse the Board's determination only if the evidence presented by Vashaghani "was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).
 
 
 4
 8 U.S.C. § 1101(a)(42)(A) defines a refugee as an alien unwilling to return to her country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." To establish a "well-founded fear of persecution," Vashaghani must prove that her fear is both objectively and subjectively genuine and reasonable. Fisher v. INS, 79 F.3d 955, 960 (9th Cir.1996) (en banc). We define persecution as "the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offensive.... Persecution is an extreme concept, which ordinarily does not include discrimination on the basis of race or religion, as morally reprehensible as it may be." Id. at 961 (citations and quotation marks omitted).
 
 
 5
 Whether Vashaghani casts her claim as one of "political opinion" or "membership in a particular group," the Board did not err in holding that she failed to carry her burden of proving persecution. Vashaghani argues that the government fired her from her job as a social worker because she asserted herself as a woman. She also asserts that the government harassed her because she failed to conform to strict Islamic dress. She contends that the government detained her once for 24 hours, and that the government verbally abused her and threatened to undress and search her. In Fisher, the petitioner detailed several similar incidents of mistreatment, yet we held that such treatment did not rise to the level of persecution. Id. at 959-62. Vashaghani's allegations of mistreatment do not reach the severity of Fisher's, so we must similarly find that Vashaghani has not suffered "persecution" within the meaning of the Act.
 
 
 6
 Moreover, Vashaghani has not shown a well-founded fear of future persecution. Vashaghani argues that her fear of future persecution is based upon her experience of persecution. Since we hold that her past experience does not rise to the level of persecution, that experience cannot form the basis of a reasonable fear of persecution in the future. Vashaghani also has not shown any evidence suggesting that she will face harsher treatment upon her return to Iran than she has received in the past.
 
 
 7
 Since the "failure to satisfy the lesser standard of proof required to establish eligibility for asylum necessarily results in a failure to demonstrate eligibility for withholding of deportation as well," Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995), the Board also did not err in denying her petition to withhold deportation.
 
 
 8
 AFFIRMED.
 
 
 9
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.