110 F.3d 69
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Antoun MAIDA, aka/Anton Maida, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70295.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 24, 1997.*
Decided March 27, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Aik-zap-xel.
 B.I.A.
 REVIEW DENIED.
 Before: SNEED, FARRIS, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Antoun Maida, a native and citizen of Syria, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ") denial of his request for asylum and withholding of deportation pursuant to sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a), 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 3
 Maida contends that the BIA's decision that he failed to establish past persecution or a well-founded fear of future persecution is not supported by substantial evidence because he showed that, as a Syrian Christian, he has been persecuted by Moslems. This contention lacks merit.
 
 
 4
 We review the denial of asylum for abuse of discretion and the denial of withholding of deportation for substantial evidence. Kazlauskas v. INS, 46 F.3d 902, 905, 907 (9th Cir.1995). We review factual findings underlying the determination for substantial evidence, and will reverse only if the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).
 
 
 5
 To qualify for asylum, Maida must demonstrate that he has suffered past persecution, or that he has a well-founded fear of future persecution in Syria on account of his race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1158(a), 1101(a)(42)(A); Singh v. Ilchert, 69 F.3d 375, 378 (9th Cir.1995) (per curiam). Maida must show both a genuine subjective fear of persecution and an objectively reasonable fear. See Singh, 69 F.3d at 378. "The objective inquiry requires 'a showing by credible, direct, and specific evidence of facts supporting a reasonable fear of persecution' " on account of one of the enumerated grounds. Prasad v. INS, 47 F.3d 336, 338 (9th Cir.1995). To qualify for withholding of deportation, Maida must meet a higher standard and present evidence of a clear probability of persecution. See 8 U.S.C. § 1253(h); Singh, 69 F.3d at 380-81.
 
 
 6
 Here, substantial evidence supports the BIA's determination that Maida's treatment by the Moslem Bedouins did not rise to the level of past persecution. See Prasad, 47 F.3d at 339.[1] In addition, substantial evidence supports the BIA's finding that Maida lacked an objectively reasonable, well-founded fear of future persecution. See Kazlauskas, 46 F.3d at 906. Maida failed to establish that he has been singled out based upon his religion, or any other enumerated ground. See Prasad, 47 F.3d at 340. Rather, Maida's own testimony supports the BIA's determination that Maida was subjected to harassment and death threats because of a personal dispute between Maida and a group of Bedouins. Maida testified that he shot and killed a sheep belonging to the Bedouins because it was grazing on his land. Maida further testified that he is afraid to return because the Bedouins are still looking for him to avenge the death of the sheep. We agree with the BIA that Maida failed to demonstrate that this treatment by the Bedouins was based upon an enumerated ground. See id.
 
 
 7
 Thus, given the evidence presented, we cannot say that a reasonable factfinder would be compelled to conclude that Maida had a well-founded fear of persecution. See Aruta v. INS, 80 F.3d 1389, 1395-96 (9th Cir.1996). Accordingly, the BIA did not abuse its discretion by affirming the IJ's denial of asylum. See Kazlauskas, 46 F.3d at 905.
 
 
 8
 Finally, because the standard for withholding of deportation is higher than the standard for a grant of asylum, we affirm the BIA's denial of withholding of deportation. See Aruta, 80 F.3d at 1396.
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On petition for review, Maida contends that he was subject to persecution when he was continually stopped and harassed at checkpoints because he was Christian. Because Maida did not raise this issue before the BIA, he may not raise the issue before this court. Vargas v. INS, 831 F.2d 906, 907-08 (9th Cir.1987)