113 F.3d 1240
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Saeb Mikhael AYOUB, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70537.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1997.*
Decided May 9, 1997.
 
 1
 Before: FLETCHER, REINHARDT, and FERNANDEZ, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Saeb Mikhael Ayoub, a native and citizen of Lebanon, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") denial of his applications for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a), 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we grant the petition.
 
 
 4
 Ayoub contends that substantial evidence does not support the BIA's determination that he failed to establish past persecution or a well-founded fear of future persecution on account of political opinion. We agree.
 
 
 5
 Factual findings underlying the BIA's decision, including whether the alien has proven past persecution or a well-founded fear of future persecution, are reviewed for substantial evidence. See Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). Under the substantial evidence standard, we must uphold the BIA's denial of asylum unless the alien demonstrates that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).
 
 
 6
 To establish a well-founded fear of future persecution, the applicant must show both a genuine subjective fear of persecution and an objectively reasonable fear. See Acewicz, 984 F.2d at 1061. The objective component requires "a showing by 'credible, direct, and specific evidence' of facts supporting a reasonable fear of persecution" on account of one of the enumerated grounds. Id. (citation omitted). "An alien's credible and persuasive testimony, standing alone, may establish eligibility for political asylum and withholding of deportation." Barraza Rivera v. INS, 913 F.2d 1443, 1449 (9th Cir.1990); see also 8 C.F.R. § 208.13(a) (1997). "[A]n authentic refugee is often limited in his ability to offer direct corroboration of specific incidents of persecution." Mejia-Paiz v. INS, No. 95-70174, slip op. 4515, 4521 n. 1 (9th Cir. Apr. 17, 1997) (citing Turcios v. INS, 821 F.2d 1396, 1402 (9th Cir.1987)). To satisfy the specificity requirement of the objective component, there must be some factual and concrete evidence to support the alien's claim that persecution likely would be directed toward him as an individual. See Espinoza-Martinez v. INS, 754 F.2d 1536, 1540 (9th Cir.1985). "Exactly what amount of specific evidence is required is dependent upon the facts and circumstances of each case." Id.
 
 
 7
 At the IJ hearing, Ayoub testified that his hometown of Marjayoun is a Christian city located in the Israeli security zone and is patrolled by Israel and the southern Lebanese army. The form of currency used there is the Israeli shekel. Ayoub's city is subjected to bombing (daily) by the Hezbollah, and citizens like him (who work outside Lebanon and travel from Israel) face constant harassment and threats by the Hezbollah. Specifically, Ayoub testified that in 1989 at a checkpoint in southern Lebanon, the Hezbollah beat his head and chest using the bottom of a gun, took his money and threatened to kill him if he came back because they considered Ayoub a "traitor belonging to Israel" and a "Christian." See Sangha v. INS, 103 F.3d 1482, 1487 (9th Cir.1997); see also Canas-Segovia v. INS, 970 F.2d 599, 601 (9th Cir.1992) (holding that petitioner must demonstrate by direct or circumstantial evidence that persecution was on account of protected grounds). Thus, Ayoub presented sufficient facts which compel a finding that he was persecuted on account of an imputed political opinion.[1] See Sangha, 103 F.3d at 1489; see also Acewicz, 984 F.2d at 1062.
 
 
 8
 Additionally, the parties submitted the following documentary evidence: (1) the State Department's 1995 Advisory Opinion which reported that the Hezbollah were still armed and had committed many human rights violations, and that the Hezbollah's main focus of militant action was confined to south Lebanon; (2) the 1992 Amnesty International Report which reported that 2,000 people, Lebanese and Palestinians, had been taken prisoner, killed, or held as hostages by Lebanese militia or Syrian forces; and (3) various 1995 newspaper articles reporting intense attacks between the Hezbollah and Israel affecting south Lebanese communities in the Israeli security zone. Moreover, Ayoub testified that his parents had recently informed him that the situation was getting worse and the roads were still not safe.
 
 
 9
 Ayoub's testimony compels a finding of past persecution, and a well-founded fear of future persecution by the Hezbollah on account of an imputed political opinion. See Sangha, 103 F.3d at 1489; see also Acewicz, 984 F.2d at 1061, 1062. The BIA erred by holding that Ayoub was required to produce corroborative background evidence and documentation to satisfy his burden of proof. See Gomez-Saballos v. INS, 79 F.3d 912, 916 (9th Cir.1996); see also Barraza Rivera, 913 F.2d at 1449. Accordingly, he is a refugee eligible for a discretionary grant of asylum. See 8 U.S.C. §§ 1101(a)(42)(A), 1158(a); see also Desir v. Ilchert, 840 F.2d 723, 729 (9th Cir.1988) (holding that an alien who presented specific threats on his life, in the context of political and social turmoil, established eligibility for asylum).
 
 
 10
 Withholding of deportation requires a higher standard of proof than asylum. See Aruta v. INS, 80 F.3d 1389, 1396 (9th Cir.1996). "The applicant must establish that it is more likely than not that the alien will suffer persecution." Id. Because Ayoub established past persecution, he was entitled to a presumption that a clear probability of persecution exists were he to return to Lebanon. See Singh v. Ilchert, 69 F.3d 375, 381 (9th Cir.1995) (per curiam). Since the INS failed to rebut this presumption, Ayoub is entitled to withholding of deportation under 8 U.S.C. § 1253(h)(1). See id.
 
 
 11
 We find Ayoub eligible for asylum and remand to the BIA to exercise its discretion. We grant Ayoub's request for withholding of deportation.
 
 
 12
 PETITION FOR REVIEW GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government's contention that Ayoub failed to raise his imputed political opinion argument to the BIA is belied by the record