117 F.3d 1425
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
IONEL GHEORGHE, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 96-70543, Asa-xdr-dcl.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997**
Decided June 24, 1997.
 
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ionel Gheorghe, a native and citizen of Romania, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from the immigration judge's ("IJ") denial of his applications for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 3
 Gheorghe contends that the BIA erred by finding that he neither suffered past persecution nor had a well-founded fear of future persecution based on his political beliefs. This contention lacks merit.
 
 
 4
 We review the denial of asylum for abuse of discretion and the denial of withholding of deportation for substantial evidence. See Kazlauskas v. INS, 46 F.3d 902, 905, 907 (9th Cir.1995). Factual findings regarding an applicant's eligibility for asylum are reviewed under the substantial evidence standard, see Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993), and we will reverse only if the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution, see INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).
 
 
 5
 To qualify for asylum, Gheorghe must demonstrate that he has suffered past persecution or has well-founded fear of future persecution in Romania on account of race, religion, nationality, membership in particular social group, or political opinion. See 8 U.S.C. § 1101(a)(42)(A). To establish a well-founded fear of future persecution, Gheorghe must show both a genuine subjective fear and an objectively reasonable fear. See Acewicz, 984 F.2d at 1061. The objective component requires "a showing by 'credible, direct, and specific evidence' of facts supporting a reasonable fear of persecution" on account of one of the enumerated grounds. See id. (citation omitted). A showing of past persecution can give rise to a presumption of a well-founded fear of persecution. See 8 C.F.R. § 208.13(b)(1)(i) (1997); Singh v. Ilchert, 69 F.3d 375, 378 (9th Cir.1995).
 
 
 6
 Gheorghe testified that he demonstrated against the Romanian government several times between December, 1989 and June, 1990.[1] At the last demonstration he attended, held June 15, 1990 at University Square, he was attacked by miners and his car was destroyed. Shortly thereafter, Gheorghe moved to Germany and applied for asylum, but he did not wait for his application to be processed and returned to Romania in December of 1991. Gheorghe was unable to find work in Romania due to his police file, but he obtained a business license and opened a restaurant in Bucharest with his brother. During 1992, Gheorghe received anonymous letters, threatening that his restaurant would be destroyed and that he would be severely beaten if he continued to participate in political demonstrations. Each time he received a letter, windows of his restaurant were broken and fights were instigated inside. The authorities were unable to determine who was responsible, so Gheorghe closed the restaurant. In 1994, Gheorghe obtained an exit visa and came to the United States.
 
 
 7
 While these incidents concern us, we cannot say that no reasonable factfinder could fail to find the requisite fear of persecution. See Elias-Zacarias, 502 U.S. at 483-84. The record contains substantial evidence to support the BIA's conclusion that these incidents neither rise to the level of past persecution, nor justify an objectively reasonable fear of future persecution. See Prasad v. INS, 47 F.3d 336, 339 (9th Cir.1995); Mendez-Efrain v. INS, 813 F.2d 279, 282-83 (9th Cir.1987) (holding four-day detention and interrogation did not constitute past persecution); see also Kotasz v. INS, 31 F.3d 847, 851-52 (9th Cir.1994) (requiring applicant to show that he would be subject to a "particularized threat of persecution").
 
 
 8
 As the BIA noted, Gheorghe's asylum claim is undermined by both the fact that his wife and children have continued to reside in Romania without incident, and that he easily obtained a passport and exit visa from the Romanian government. See Rodriguez-Rivera v. INS, 848 F.2d 998, 1006 (9th Cir.1988) (per curiam); Mendez-Efrain, 813 F.2d at 282. Moreover, Gheorghe did not present evidence that compels the conclusion that the current Romanian government has any interest in persecuting him, particularly considering his undisturbed residence in Romania for at least a year, before coming to the United States. See Elias-Zacarias, 502 U.S. at 481; see also Aruta v. INS, 80 F.3d 1389, 1392-93 (9th Cir.1996) (noting claim of well-founded fear of persecution undercut by applicant's continuous safe and undisturbed residence in home country after occurrence of events inducing fear).
 
 
 9
 Under these circumstances, the BIA did not abuse its discretion by dismissing Gheorghe's appeal of the IJ's denial of asylum. See Kazlauskas, 46 F.3d at 905. Although Gheorghe contends that he is entitled to withholding of deportation because he claims to have established a "clear probability of persecution," he failed meet the lower standard required for asylum. See Acewicz, 984 F.2d at 1062 (citation omitted). Thus, he necessarily failed to meet the more stringent standard required for withholding of deportation. See id.[2]
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Although the IJ found that Gheorghe's testimony was not credible, the BIA explicitly assumed that the testimony was true and reviewed Gheorghe's case accordingly. See Barraza Rivera v. INS, 913 F.2d 1443, 1449-50 (9th Cir.1990). We assume the same for the purposes of this decision. See id. at 1450
 
 
 [2]
 Gheorghe also contends that he was denied due process because the IJ and the BIA failed to meaningfully review the documentary evidence. However, because the BIA's decision indicates that the Department of State Country Report on Romania was considered, this contention is without merit. See Kazlauskas, 46 F.3d at 906