122 F.3d 1072
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Iliana Petkova KOVATCHICHKA; Borislav Hristov, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70446.
 United States Court of Appeals, Ninth Circuit.
 Aug. 27, 1997.**
 
 On Petition for Review of an Order of the Board of Immigration Appeals, Nos. Ajk-ley-wbn, Avx-tgx-fhc.
 Before: SCHROEDER, FERNANDEZ and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Iliana Petkova Kovatchichka and her husband Borislav Hristov, natives and citizens of Bulgaria, petition for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") denial of her application for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a), 1253(h) ("the Act"). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.[1]
 
 
 3
 Kovatchichka contends that the BIA abused its discretion in denying her petition for asylum. This contention lacks merit.
 
 
 4
 We review the BIA's discretionary denial of asylum for abuse of discretion. See Surita v. INS, 95 F.3d 814, 819 (9th Cir.1996). In its exercise of discretion, the BIA must apply the law correctly and consider all the relevant factors. See Kazlauskas v. INS, 46 F.3d 902, 906 (9th Cir.1995).
 
 
 5
 A finding of past persecution on account of one of the grounds enumerated in the Act establishes eligibility for a discretionary grant of asylum. See Singh v. Ilchert, 69 F.3d 375, 378 (9th Cir.1995). Once past persecution is demonstrated, then fear of future persecution is presumed, and the government must show, by a preponderance of the evidence, that "since the time the persecution occurred, conditions in the applicant's country ... have changed to such an extent that the applicant no longer has a well-founded fear of being persecuted if ... [the applicant] were to return." See id. (quoting 8 C.F.R. § 208.13(b)(1)(i)).
 
 
 6
 Here, the BIA found that Kovatchichka had suffered past persecution on account of her political opinion and was thus eligible for asylum. The BIA then considered the State Department Country Reports and the Profile of Asylum Claims and Country Conditions as well as the testimony of Kovatchichka's expert witness and the documentary evidence she submitted. See Kazlauskus v. INS, 46 F.3d at 905 (describing the State Department Country Reports as the most appropriate and perhaps best resource for information on political situations in foreign nations).[2] The BIA found, on the basis of all the evidence, that the government rebutted the presumption of future persecution by a preponderance of the evidence, and that country conditions in Bulgaria had changed significantly since Kovatchichka's departure. See Singh, 69 F.3d at 378; Kazlauskus, 46 F.3d at 906. The BIA also considered Kovatchichka's testimony regarding her fear of future persecution and found that, in light of the changed country conditions, Kovatchichka's fear of persecution was no longer objectively reasonable. See id. (holding that fear of future persecution must be both genuine and objectively reasonable). We conclude that the BIA, having considered all the relevant factors and weighed all the evidence, did not abuse its discretion in finding that Kovatchichka's fear of persecution was not well-founded.[3] See Singh, 69 F.3d at 378; Kazlauskus, 46 F.3d at 905. Accordingly, we deny Kovatchichka's petition for asylum.
 
 
 7
 Because Kovatchichka did not meet the lower standard for asylum, she could not meet the higher standard for withholding of deportation. See Acewicz, 984 F.2d 1056, 1062 (9th Cir.1993) Accordingly, we deny both Kovatchichka's and Hristov's petitions for withholding of deportation.
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, petitioner's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Hristov withdrew his separate application for asylum and withholding of deportation during consolidated deportation proceedings, electing to proceed as a dependent of Kovatchichka. As his claim is derivative of hers, we deny his petition. See 8 U.S.C. § 1158(b)(3); see also Guiterrez-Centeno v. INS, 99 F.3d 1529, 1531 n. 1 (9th Cir.1996). Future references are to Kovatchichka only
 
 
 [2]
 This court may not consider, as Kovatchichka requests, the 1995 Country Report attached to her opening brief. See Fisher v. INS, 79 F.3d 955, 963 (9th Cir.1996) (en banc) (holding that reviewing court may only consider evidence that is part of administrative record). We also deny Kovatchichka's request that we remand her case to the BIA for consideration of the 1995 Country Report. See id.; Ghaly v. INS, 58 F.3d 1425, 1432 (9th Cir.1995)
 
 
 [3]
 By failing to challenge the BIA's refusal to grant asylum on humanitarian grounds, Kovatchichka has abandoned that issue on appeal. See Collins v. City of San Diego, 841 F.2d 337, 339 (9th Cir.1988)