127 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alva Ochoa RECINOS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70205.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997.**
Decided Oct. 27, 1997.
 
 Before: THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioner Alva Ochoa Recinos, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal of an immigration judge's ("IJ") denial of her application for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a), 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105(a), and we deny the petition.
 
 
 3
 We review a factual determination of eligibility for asylum under the substantial evidence standard. See Prasad v. INS, 47 F.3d 336, 338-39 (9th Cir.1995). We must uphold the BIA's denial of asylum unless Recinos demonstrates that the evidence she presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).
 
 
 4
 Recinos contends that the BIA erred in finding that she did not establish eligibility for asylum. This contention lacks merit.
 
 
 5
 To be eligible for political asylum, Recinos must establish that she either has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See Prasad, 47 F.3d at 338. To establish a well-founded fear of future persecution, Recinas must show both that she genuinely fears persecution and that her fear is objectively reasonable. See id.
 
 
 6
 Recinos testified that in 1991 her father, who was a commander of the civil patrol, was kidnapped by the guerrillas. She and the rest of her family searched for her father until April 1991 when they received threats that if they continued to search they would also be kidnapped or killed. Because she did not suffer any harm, the kidnapping and threats are not sufficient to establish past persecution. See id. at 339. Although Recinos' testimony established that she had a genuine fear of persecution should she return to Guatemala, she did not establish that her fear was objectively reasonable. See id. Recinos remained in Guatemala for more than two years after the kidnapping, and there is no evidence that she or her family received further threats, either direct or indirect during that time. See Aruta v. INS, 80 F.3d 1389, 1395 (9th Cir.1996). Also, her husband and three children, her mother, and most of her eight siblings have remained in Guatemala without harm. See id.[1]
 
 
 7
 Recinos' contention that the BIA failed to consider newly discovered evidence submitted on appeal lacks merit. The BIA treated the submission of new evidence as a motion for remand to the IJ, and properly exercised its discretion in denying the motion. See Ubao-Marenco v. INS, 67 F.3d 750, 757-58 (9th Cir.1995) overruled on other grounds, Fisher v. INS, 79 F.3d 955, 963 (9th Cir.1996). As the BIA stated, Recinos failed to show how the additional letters attesting to her father's kidnapping and newsclippings about harm to returning refugees related to her claim. See 8 C.F.R. § 3.2 (requiring alien to demonstrate the additional evidence in a motion to reopen is "material"); see also Ubao-Marenco, 67 F.3d at 759-60 (requiring BIA to state reasons for denial of motion to reopen)
 
 
 8
 Accordingly, because the evidence does not compel the conclusion that Recinos suffered past persecution or that her fear of future persecution is objectively reasonable, Recinos has not established eligibility for asylum. See Elias-Zacarias, 502 U.S. at 482; Prasad, 47 F.3d at 338-39.
 
 
 9
 Because Recinos did not meet the lower standard for asylum, she could not meet the higher standard for withholding of deportation. See Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993).
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Although the BIA incorrectly stated that Recinos did not meet her burden of proving that her fear of persecution was countrywide, see Singh v. Ilchert, 69 F.3d 375, 379-80 (9th Cir.1995), the absence of proof of countrywide persecution was not the sole basis of the BIA's decision and thus is a permissible consideration. See Cuadras v. INS, 910 F.2d 567, 571, n. 2 (9th Cir.1990)