**Karnail SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71465.
Agency No. A79–258–067.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 25, 2004.

Earle A. Sylva, Rai Law & Associates, PC, San Francisco, CA, for Petitioner.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Terri J. Scadron, Suzanne N. Nardone, U.S. Department of Justice, Washington, DC, for Respondent.

Before LEAVY, THOMAS, and FISHER, Circuit Judges.

## MEMORANDUM**

Karnail Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an Immigration Judge's denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have partial jurisdiction pursuant to 8 U.S.C. § 1252. We dismiss the petition for review in part and deny it in part.

We lack jurisdiction to review the BIA's determination that Singh failed to file his asylum application within one year of arrival. *See* 8 U.S.C. § 1158(a)(3); *Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001).

[2] For purposes of withholding of removal, the BIA's reasoning entitles Singh to "a presumption that a 'clear probability of persecution' exists were he to return to India." *Singh v. Ilchert,* 69 F.3d 375, 381 (9th Cir.1995). The BIA stated that "the record contains evidence demonstrating that country conditions in India have changed," but did not provide an individualized analysis of "how any change in conditions in [India] would serve to rebut [Singh's] particular fear of future persecu-

tion." *Garrovillas v. INS,* 156 F.3d 1010, 1017 (9th Cir.1998).

The BIA's alternative holding that Singh could relocate within India is, however, supported by substantial evidence. *See Singh,* 69 F.3d at 378 ("We review the BIA's factual findings under the 'substantial evidence' standard."). The government has "establishe[d] by a preponderance of the evidence that under all the circumstances it would be reasonable for the applicant to relocate." 8 C.F.R. § 208.16(b)(3)(ii). Singh testified that, after he was persecuted, he lived undisturbed with relatives for six months in a location half an hour away from his home. Singh presented no evidence "establish[ing] that it is unreasonable to expect him to relocate." *See Melkonian v. Ashcroft,* 320 F.3d 1061, 1070 (9th Cir.2003). The presumption that Singh will again be persecuted is therefore rebutted.

Singh is also not entitled to CAT relief because he did not demonstrate that it is more likely than not that he would be tortured if returned to India. *See* 8 C.F.R. § 208.16(c)(2); *Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.