**Mandeep SINGH, Petitioner,**

v.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**926**

Alberto R. GONZALES,* Attorney
General, Respondent.

No. 04–70782.

United States Court of Appeals,
Ninth Circuit.

Submitted May 9, 2005.**

Decided May 16, 2005.

Robert B. Jobe, Esq., Law Offices of
Robert B. Jobe, San Francisco, CA, for
Petitioner.

Ronald E. LeFevre, Chief Counsel, Of-
fice of the District Counsel, San Francisco,
CA, Alison Marie Igoe, Esq., Washington,
DC, for Respondent.

---

\* Alberto R. Gonzales is substituted for his pre-
decessor, John Ashcroft, as Attorney General
of the United States, pursuant to Fed. R.App.
P. 43(c)(2).

\*\* The panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

Before: PREGERSON, CANBY, and
THOMAS, Circuit Judges.

MEMORANDUM \*\*\*

Mandeep Singh, a native and citizen of
India, petitions for review of the decision
of the Board of Immigration Appeals
("BIA") affirming an Immigration Judge's
("IJ") denial of his application for asylum,
withholding of removal, and request for
protection under the Convention Against
Torture ("CAT"). We have jurisdiction
pursuant to 8 U.S.C. § 1252. We review
for substantial evidence, *Njuguna v. Ash-
croft,* 374 F.3d 765, 769 (9th Cir.2004),
grant the petition for review, and remand
for further proceedings.

First, the IJ's adverse credibility deter-
mination is not supported by substantial
evidence because it is based on minor
omissions, *see Bandari v. INS,* 227 F.3d
1160, 1167 (9th Cir.2000), and speculation
and conjecture, *see Shah v. INS,* 220 F.3d
1062, 1069 (9th Cir.2000). Second, the rec-
ord shows that Singh was persecuted, at
least in part, on account of an imputed
political opinion. *See Navas v. INS,* 217
F.3d 646, 659 & n. 18 (9th Cir.2000);
*Singh v. Ilchert,* 69 F.3d 375, 379 & n. 1
(9th Cir.1995). The record also shows that
the treatment experienced by Singh was
sufficiently severe to compel a finding of
past persecution. *See Mamouzian v. Ash-*

---

\*\*\* This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

*croft,* 390 F.3d 1129, 1134 (9th Cir.2004).[1]

We therefore grant the petition and remand this case for further proceedings on the merits of Singh's asylum, withholding of removal, and CAT claims. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

**1.** We reject the government's assertion that Singh has waived any challenge to the IJ's alternate rulings by failing to properly preserve these issues; the record shows that Singh raised all applicable issues both before the BIA and before this court.

