**Iqval Singh CHHOKAR, Petitioner,**

v.

**Alberto R. GONZALES,* Attorney General, Respondent.**

**No. 03–71599.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 2005.

Decided Sept. 1, 2005.

■

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General. Fed. R.App. P. 43(c)(2).

Earle A. Sylva, Esq., George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Laguna Niguel, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Donald A. Couvillon, Esq., Jamie M. Dowd, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: D.W. NELSON, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM **

Iqval Singh Chhokar, a native and citizen of India, petitions for review of the Board of Immigration Appeals' (BIA) affirmance of the Immigration Judge's (IJ) denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

*I. Asylum Claim*

■ Substantial evidence does not support the BIA's conclusion that Chhokar was not persecuted on account of a protected ground. The beatings Chhokar sustained during his second and third arrests

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

by the police rise to the level of persecution. *See Chand v. INS*, 222 F.3d 1066, 1073–74 (9th Cir.2000); *Singh v. Ilchert*, 69 F.3d 375, 377–79 (9th Cir.1995). The police initially detained Chhokar on both occasions because they believed he had assisted criminals attempting to flee the area. The evidence demonstrates, however, that they severely abused him during that detention because of his political beliefs. Chhokar testified, for example, that the officers beat and tortured him while taunting him about his political beliefs: "You're not going to get Khalistan. We even beat you like this and then you can go up there and make Khalistan up there." Given that the authorities never charged Chhokar with any crime, this evidence is sufficient to establish past persecution on account of a protected ground. *See Ndom v. Ashcroft*, 384 F.3d 743, 755 & n. 6 (9th Cir.2004) ("[E]ven if the government authorities' motivation for detaining and mistreating [the applicant] was partially for reasons of security, persecution in the absence of any legitimate criminal prosecution, conducted at least in part on account of political opinion, provides a proper basis for asylum . . . .") (internal quotations and citation omitted); *see also Ratnam v. INS*, 154 F.3d 990, 996 (9th Cir.1998); *Harpinder Singh v. Ilchert*, 63 F.3d 1501, 1509 (9th Cir.1995).

■ Because the BIA did not affirm the IJ's alternate holding that country conditions in India had changed to such an extent that Chhokar could not establish a well-founded fear of persecution if forced to return, we remand to the BIA to consider this issue in the first instance. *See INS v. Ventura*, 537 U.S. 12, 14, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002). On remand, the BIA has the authority to reopen the record on the issue of changed country conditions to allow the presentation of new evidence of the current conditions. 8 C.F.R.

§ 1003.2; *see also Ventura*, 537 U.S. at 18, 123 S.Ct. 353.

## II. Withholding of Removal Claim

Because Chhokar established past persecution, a presumption arises that his "life or freedom would be threatened in the future" if he was removed to India. *See* 8 C.F.R. § 1208.16(b)(1); *Hoque v. Ashcroft*, 367 F.3d 1190, 1198 (9th Cir. 2004). Because the BIA did not adopt the IJ's conclusion that changed country conditions prevented Chhokar from establishing a well-founded fear of future persecution, we remand to allow the BIA to consider whether the government has rebutted this presumption. *Ventura*, 537 U.S. at 14, 123 S.Ct. 353.

## III. Convention Against Torture

■ To obtain relief under the CAT an applicant must establish "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). In making this determination, the regulations require an IJ to consider all evidence regarding the risk of future torture, including, but not limited to, evidence concerning past torture; the possibility of relocation to avoid torture; "gross, flagrant, or mass violations of human rights in the country of removal;" and any other relevant information regarding country conditions. *Id.* at § 1208.16(c)(3). The IJ failed to consider whether the beatings Chhokar experienced constituted torture under the CAT. Because the beatings and the forcible stretching of Chhokar's legs to an 180 degree position—a practice designed to tear the leg and groin muscles—were employed by the police to cause Chhokar severe pain, these practices clearly constitute torture under the CAT.

The evidence in the record before us indicates that Chhokar would, more likely than not, be tortured if returned to India.

To reach a contrary conclusion, the IJ relies on a single statement in the 1999 Country report noting that: "In Punjab, the pattern of disappearances prevalent in the early '90s appears to be at an end. Hundreds of police and security forces were not held accountable for serious human rights abuses committed during the counterinsurgency of 1984–94. However, steps were taken against a few such violators." This statement, however, raises more questions regarding the situation in Punjab than it answers. More importantly, other statements in the same report indicate that the use of torture by police throughout India remains "common" and that incidents of extra-judicial torture and killing of Sikh men by Punjabi police also continues. The IJ found Chhokar's testimony regarding the two prior occasions on which he was tortured by the police to be credible. Moreover, Chhokar submitted a letter indicating that since his flight the police had returned to his house and threatened to kill him if he returns to India.

We stop short of finding that the evidence in the record compels the conclusion that Chhokar would, more likely than not, be tortured if returned to India because we are remanding Chhokar's asylum and withholding of removal claims for a determination on changed country conditions. On remand, more current evidence on the conditions in India may be introduced. For this reason, we find that it makes sense to remand Chhokar's CAT claim to the BIA as well.

Petition granted in part and case remanded.